JOHN MADDEN *v.* THE STATE.

1. CRIMINAL PRACTICE. *Contradicting one's own witness. Evidence of irrelevant facts. Case in judgment.*

    J. and M. were jointly indicted with others for burglary. On the trial of J., M. testified fully for the State as to the guilt of J., in his direct examination. On his cross-examination he testified that while he was in jail, and shortly after the burglary, the prosecuting attorneys were sent for, when they offered immunity to any of the number who would divulge all the facts, and that he then determined "to make a clean breast and come clear." Thereupon the State was allowed to prove by the attorneys referred to that no such promise was made. *Held*, that this was an error. The truth or falsity of the statement sought to be contradicted was irrelevant to the issue, the guilt of J., and it was not competent for the State to contradict the testimony of its witness given on direct examination, nor to discredit that given on cross-examination, by showing facts irrelevant to the issue.

2. SAME. *Evidence of conduct of citizens against accused.*

  On the trial of one indicted for burglary, it is error for the court to admit evidence tending to show that the "good citizens of the town" held public meetings, after the burglary was committed, to discover the perpetrators thereof, examined into the facts and, after mature deliberation, reached a conclusion which resulted in warrants being sued out against the defendant and others jointly indicted with him.

    APPEAL from the Circuit Court of Rankin County.

    HON. A. G. MAYERS, Judge.

    The case is stated in the opinion of the court.

    *E. E. Baldwin,* for the appellant.

    1. It was the duty of the court to have excluded the testimony of Morris, after it appeared on cross-examination that his confession was induced by a hope of reward.

    Wharton, in his Criminal Evidence, § 689, says:

    "If a confession be received in evidence, it not appearing that any inducement had been held out, but at a later period of the trial it appears that such an inducement was held out before the making of the confession as would have rendered it inadmissible, the judge will order the jury to disregard it, or will strike the evidence of the confession out of his notes, and, if there be no other proof of guilt, direct an acquittal." He cited in support of this the following cases, to which we would call special attention:

    *Earp* v. *The State,* 55 Ga., 136; *Cain* v. *The State,* 18 Texas, 387; *Metzgar* v. *The State,* 18 Fla., 481.

    An examination of these authorities will show that Wharton means, when he speaks of "a confession being received in evidence," as well the statements of an accomplice testifying for the State, as evidence of confessions made *in pais* by the prisoner before the trial, and that he puts both on the same footing.

    It is evident that this evidence, so allowed to remain for the consideration of the jury, must have had its weight with them in making up their verdict, and we insist the above errors should alone work a reversal.

    2. The whole of the evidence in relation to the doings of the vigilance committee was wholly irrelevant.

*T. M. Miller*, Attorney General for the State, filed a brief, but it could not be found when the record was delivered to the Reporter.

COOPER, C. J , delivered the opinion of the Court.

Without intending to hold that no other error exists in the voluminous and confused record in this cause, it is sufficient to note the following.

The appellant and others were indicted for burglary. On the trial, one Morris, indicted for the same offence, was introduced by the State as a witness. He distinctly and fully testified to the guilt of the appellant on direct examination. On cross-examination he stated that some days after the burglary, and while he was confined in jail, he sent for the attorneys who had been engaged to prosecute the parties charged with the crime, and being informed by them that any one of the number who would divulge all the facts would not be prosecuted, he determined as he says " to make a clean breast and come clear."

To break the force of this statement, the State was permitted, over the objection of appellant, to prove by the counsel referred to by the witness that no such promises were made. This should not have been permitted. Whether the statement made by the witness on cross-examination was true or untrue was not relevant to the guilt or innocence of the defendant. The single purpose of the State in contradicting that statement was to break its force and effect as going to show that the inculpating testimony delivered on direct examination had been induced by promise of immunity from punishment. It was an effort to support the evidence given on direct examination, and to discredit that drawn out on cross-examination, and it was not competent to do either. A witness cannot be corroborated by proving that on other occasions he had made statements conforming to his testimony, for such statements are but hearsay; nor can one who introduces a witness, directly attack his credibility by proving facts irrelevant to the issue.

The State was also permitted to prove that after the burglary had been committed, the " good citizens of the town " held public meetings to discover the perpetrators, examined into the

facts, and after mature deliberation a conclusion was reached by them which resulted in warrants being sued out against the appellant and those jointly indicted with him.    This was throwing into the scale, against the defendant, the mature public opinion formed upon extra judicial investigation, and was so manifestly erroneous that comment is unnecessary.    The judgment is reversed and a new trial awarded.