## JOHN BAKER *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.  *Rape.  Evidence.  Reputation for chastity.*

In a prosecution for rape it is error to permit the state to show:

    (*a*) That prosecutrix was a chaste woman, her general reputation in that regard not having been assailed by defendant;

    (*b*) That defendant ill treated members of his household, where such evidence does not tend to explain delay in the prosecution;

    (*c*) That a witness not called by the defense had been told by defendant that she would have to swear lies to help him out; and

    (*d*) That witness had heard noises indicating distress at defendant's house, they not knowing what made the noises or why they were made.

2. SAME.  *Delay in prosecution.*

Long delay in presecuting for rape demands a close scrutiny of the testimony before conviction.

FROM the circuit court of, first district, Chickasaw county.

HON. EUGENE O. SYKES, Judge.

Appellant, Baker, was indicted for committing a rape upon one Adeline Baker, his stepdaughter, was convicted and appealed to the supreme court.

On the trial, Adeline, the prosecutrix, testified that she was the stepdaughter of appellant, and was the mother of three children by him, the oldest being seven years old; that, about eight or nine years before, she had intercourse with appellant in the woods; that he was squirrel hunting, and proposed to have intercourse with her, which she refused; that he thereupon whipped her with a whipstock, until she submitted through fear; that she told her mother that night, and defendant whipped her for it the next day.    She further testified, over objection, to the cruel and inhuman treatment of her by de-

fendant, covering a period of more than seven years; that defendant beat and mistreated other of his children, and also mistreated and abused her mother, and on one occasion assaulted her with a gun, and drove her from her home during the night. Sallie Ann Baker testified, over defandant's objection, that defendant had told her to testify, if she was introduced, that she had seen Ransom Evans hug and kiss Adeline, which was not true, and that he told her she would have to swear to some lies to help him out. Some other testimony was introduced by the state as to defendant's treatment of members of his family other than the mother and Adeline. Noland and Saxon testified for the state, over defendant's objection, that each lived one year near defendant, and at different times heard noises at or near defendant's house which indicated distress.

*Harris & Scott,* for appellant.

The court below erred in permitting the prosecutrix to testify to the ill treatment of her by the appellant without showing some connection between said ill treatment and the alleged rape. *Raines* v. *State,* 33 So. Rep., 19. We cannot see its relevancy or how it tends in any way to prove any point in issue. *Railroad Co.* v. *Tyson,* 46 Miss., 729.

The court below erred in allowing the district attorney to ask the prosecutrix questions as to her association, and her opportunities to have sexual intercourse, with other men. This evidence could not possibly be competent for any purpose except to bolster up the general reputation of the prosecutrix for chastity, while her reputation was not in issue at any time during the trial, for the defendant did not in any way attack it at any time during the trial.

The court below erred in permitting the witness, Sallie Ann Baker, to testify to what she said the defendant told her to say, for the defendant had not introduced her as a witness, and the evidence was only competent, for the purpose of discrediting her testimony had she been introduced as a witness for the defense.

The court below erred in permitting the witness, Emma Baker, to testify as to the defandant's ill treatment of her, for it does not in any way prove or tend to prove that the defendant raped her sister, and served no purpose in the trial except to add to the prejudice already created in the minds of the jury against the defendant by the testimony of the prosecutrix.

The court below erred in permitting the witnesses, Noland and Saxon, to testify as to the noises they said they heard at or near the house of the defendant, for it is not shown that the defendant caused these noises, and, if he had, the evidence does not have any probative value, for the testimony itself shows that the noises occurred several years after the alleged rape.

The court below also erred in permitting the above named witnesses to testify as to the defendant's treatment of his family, for the treatment of his family was not in issue, and the testimony had no probative value in the determination of the issue being tried.

*William Williams,* attorney general, for appellee.

If the testimony is to believed, the verdict is proper, and should stand. In cases of this kind a verdict of guilt may be predicated of the unsupported testimony of the prosecutrix. 2 Bish. New Crim. Proc., 969; *Monroe* v. *State,* 71 Miss., 196.

It was material for the state to show that the prosecutrix made complaint of the injury while it was recent (1 Whar. Crim. Ev., 9th ed., 273), but it is not required that a judicial investigation shall immediately follow the commission of the crime to fix guilt upon the perpetrator. Proof was made that the prosecutrix made complaint to her mother while the injury was yet recent, and prosecutrix testified that appellant threatened to kill her if she made public the commission of his crime upon her person.

Proof of the conduct of appellant after the commission of his crime, which conduct was such as to terrorize those pos-

sessing knowledge of the crime, and thus prevent its being revealed, was no surprise (such surprise as the law holds objectionable), and no prejudice to appellant, and no confusion of issues, as insisted by counsel for appellant, but was an explanation by the state why the unfortunate victim and other members of the family, knowing of the crime, had at last, perchance, been enabled to throw off the yoke of slavery to appellant's threats, intimidation and brutality, intercept his deliberate scheme of remorseless and calculating villainy, and aid the court by disclosing the facts to ascertain the punishment deserved.

*Raines* v. *State,* cited by counsel for appellant, fails to support the contention here that the testimony last above mentioned is incompetent. Raines was on trial for the murder of his wife. Several distinct offenses were proved against the defendant, as well as the repeated cursings and continuous ill treatment of his wife, extending back before the killing, to a period of ten years. The court held "that it is only where the previous crime is connected with the one for which the defendant is on trial, and where it sheds light upon the motive of the accused, that it can be proved against him, unless it form a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts."

In the case under consideration the motive of appellant is clear, in all the various and merciless cruelties to prosecutrix and the other members of the family, to hold the witnesses under timorous submission to him so that his crime should be concealed.

WHITFIELD, C. J., delivered the opinion of the court.

It was error to allow prosecutrix to be asked as to her relations with other men. The only possible purpose of it was to bolster up her general reputation as to chastity, when that was not in issue at any time during the trial. The defendant did not assail it. That is settled in the two following cases:

*Madden* v. *State,* 65 Miss., 176; 3 South., 328; *Williams* v. *State,* 79 Miss., 555; 31 South., 197. Without specializing, we may say, generally, that, whilst it was competent to show the treatment of the prosecutrix and of her mother, for the purpose of explaining the long delay in the prosecution, it was not competent to permit testimony to show appellant's treatment of other members of the household, who knew nothing of the alleged crime; and there is very much testimony of this sort improperly admitted. Those who knew nothing of the commission of the alleged offense could not, of course, reveal what they did not know, and any testimony as to their being terrorized by bad treatment was clearly incompetent. It was also error to permit the witness Sallie Ann Baker to testify to what she said the defendant had told her to swear, for the reason that the defendant had not introduced her as a witness. This testimony could only have been competent, if she had been introduced as a witness, for the purpose of discrediting her testimony. The court erred in permitting Noland and Saxon to testify about the noises which they said they heard at the defandant's house. The testimony was entirely too vague. They could not testify who made the noises, or what they were about.

We remark, lastly, that this is a case calling for the closest scrutiny of the testimony, by reason of the long delay. It is almost incredible that prosecutrix could not have made complaint against appellant, without fear, during the last three or four years at least. She was over twenty years of age, and it is very hard to believe that she was still under the terror of treatment inflicted while she was of tender years. There are other circumstances in her testimony far from satisfactory; such as not complaining while she was hired out, when she would have been fully protected. But we do not care to comment on the testimony at large beyond remarking that, stripped of the incompetent testimony, it is a very unsatisfactory case.

*Reversed and remanded.*