## WYCHE *v.* STATE.

[87 South. 286, No. 21793.]

RAPE. *In assault with intent, state must allege and prove previous chaste character of female.*

    Under section 1359, Code 1906 (section 1096, Hemingway's Code), the indictment must allege and the state must prove previous chaste character of the female assaulted.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Ben Wyche was convicted of assault with intent to rape, and he appeals. Reversed and remanded.

*Boddie & Farish,* for appellant.

Section 1096, of Hemingway's Code, being the section on which the prosecution is based, makes the previous chastity of Clara Bailey, Jr., a material element of the crime, and this court held in the case of *Frost* v. *State,* 94 Miss. 104, that the indictment must allege the previous chastity of the female assaulted.

There is not one word of proof in this record, and there was not in the trial of this case, offered by either side as to the previous chastity of Clara Bailey, Jr., and when the evidence was closed the defendant asked the court to instruct the jury to acquit him, which instruction was refused. Then the defendant asked the court to instruct the jury that the burden was on the state to prove beyond a reasonable doubt that he assaulted the woman with the intent as charged in the indictment, and that she was of previous chaste character. This instruction was also refused.

The court gave instruction Number Two of the state which told the jury that the law presumes the prosecutrix to be of previous chaste character, and that the burden of proving that she was not of such character was upon the defendant, and "unless it was shown to your minds that she is not of previous chaste character, then you should presume, in making up your verdict, that she is of previous chaste character."

Section 1093, Rape—Age of Consent—Eighteen Years— That any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment, or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case. (Laws 1914, ch. 171, in effect March 18, 1914.)

Section 1094. Rape—Age of Consent—"Chaste Character" Presumed—Burden of Proof—2. In the trial of all cases under section 1, of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated

testimony of the injured female. (Laws 1914, ch. 171, in effect March 18, 1914.)

The presumption of previous chaste character only applies to prosecutions under section 1093 above quoted. That section refers to (1) unmarried female of previous chaste character; (2) younger than the male person charged, over twelve, and under eighteen years of age, and the maximum punishment prescribed is five hundred dollars and imprisonment in the county jail not longer than six months, or by both such fine and imprisonment, or by imprisonment in the penitentiary not exceeding five years. Section 1096, under which the appellant was indicted, fixed the maximum punishment at imprisonment in the penitentiary for life.

Under the well-established principal or maxim of the law, *expressio unius est exclusio alterius,* we submit that the presumption of previous chaste character does not apply to prosecutions based on section 1096, but only applies to prosecutions under section 1093. If such presumption had been intended to apply to section 1096, section 1094, would not have said in the trial of all cases under section 1 of this act (being section 1093 of Hemingway's Code) it shall be presumed that the female was of previously chaste character, and the burden shall be upon the defendant to show that she was not; but it would have read, "in all prosecutions for rape, or assault with intent to commit rape," or words of similar import, it shall be presumed that the female was of previous chaste character.

There is not such language to be found in our laws, but on the contrary, the presumption of previous chastity is expressly limited and made to apply to prosecutions under section 1093.

In those states, where, by statute, the previous character of the prosecutrix is made an issue, there is no presumption of former chastity, and the burden is on the state to prove that fact." 1 Wharton's Criminal Law (11 Ed.), p. 923, sec. 731. We ask the court's particular

attention to the case of *Dallas* v. *State*, being a Florida Case, in 3rd A. L. R., p. 1457, and the annotation thereto.

We submit that the presumption of chastity conflicts with the presumption of innocence, and we are aware of what our court has said with regard to certain presumptions indulged by the law conflicting with the presumption of innocence, such as the presumption of malice arising from the use of a deadly weapon. But malice is a mental state, while chastity, in the sense in which it is used in this statute, is purely a physical or bodily state, and is susceptible of easy proof. Merely to have asked the prosecutrix in appropriate words if she was of chaste character might have elicited an affirmative response, then, and not until then, we submit would the burden have shifted to the defendant to prove her unchastity.

The overwhelming weight of authority is to the effect that previous chastity is not presumed in states where it is made an essential ingredient of the offense, as it is in this state. We think that the legislature recognized that rule of law when it specifically said that such presumption should be indulged in prosecutions under section 1093, of Hemingway's Code, Section 1096 of Hemingway's Code was enacted in 1906; the legislature knew of its existence when it enacted chapter 171 of the Laws of 1914, and the legislature had had four or five sessions since 1914 and never have the law-makers attempted to make the presumption of chastity applied to prosecution under section 1096.

*H. Cassedy Holden,* assistant attorney-general, for the state.

The reading of the indictment at page 2 of the record will disclose that it was drawn under section 1096, Hemingway's Code and not under section 1093, Hemingway's Code. The indictment alleges previous chaste character, and therefore no argument can be predicated upon the fail-

ure to allege this fact, as was done in the case of *Frost* v. *State,* 94 Miss. 104, 47 So. 898.

The state submitted no evidence whatever as to previous chaste character of the prosecuting witness in this case. Was it necessary for the state to do so? Had the indictment been drawn under sections 1093 and 1094, Hemingway's Code, it would not have been incumbent upon the state to introduce testimony of previous chaste character until the character of the prosecuting witness had been assailed by the defendant, since by section 1094 previous chaste character is presumed and the burden is placed upon the defendant to show otherwise. But the indictment in this case was drawn under section 1096 (section 1359, Code of 1906). The presumption set up by section 1094 does not apply in cases arising under section 1096, but only in cases arising under section 1093.

According to the great weight of authority, in cases arising under statutes similar to section 1096, Hemingway's Code, it is incumbent upon the state to allege and prove the previous chaste character of the prosecuting witness. See Annotation to the case of *Dallas* v. *State* (Fla.), in 3 A. L. R. at page 1462; see, also, 22 R. C. L. 1190, 1191, and 1209.

However, there is respectable authority to the contrary. In *Diffey* v. *State,* (Okla.), 135 Pac. 942, and *Com.* v. *Allen,* (Pa.), 19 Atl. 957, it was held that the law presumes a female to be of previous chaste character, and it is incumbent upon the defendant to show otherwise. See, also, Note 43 L. R. A. (N. S.) 478, 479.

The question has never been directly passed upon by this court, but it is submitted on principle that the rule adopted by the minority has a greater appeal to reason, common sense, and high sentiments than the rule which seem to have been followed by the greater number of courts in this country. Should this court subscribe to the rule that in law every woman is presumed to be of chaste character until proved otherwise, this honorable court would be adopting a rule that has been for centuries obeyed by

the great majority of the manhood of all civilized countries. It is rather deplorable that the great institution of law, in its efforts to preserve the time-honored presumption of innocence, should disregard the nobler sentiments of civilized man by setting up a presumption of the unchastity of womanhood. This is an indictment of the female sex, for which the institution of law might well be severely condemned. *Ferguson* v. *State,* 71 Miss. 805; 15 So. 66; 16 So. 355.

The judgment of the lower court should be affirmed.

Holden, J., delivered the opinion of the court.

The appellant was convicted of an assault with intent to rape, and sentenced to the penitentiary. The indictment was drawn under section 1359, Code of 1906 (Hemingway's Code, section 1096), which provides that—

"Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury."

At the trial the prosecutrix testified in part as follows:

"Q. Just tell exactly what he did. A. He wrapped both his legs around mine. He threw me down on the floor and fell on top of me and was wrestling around there with me about a half an hour, trying to get my clothes up. The only thing that prevented him from doing what he wanted to do I had on my bloomers and he didn't know how to get into them.

"Q. What were you doing when he was trying to get into your bloomers? A. I caught ahold of his hand and tried to keep him from getting into them."

The testimony of the prosecutrix was corroborated by other evidence in the case, but the state offered no proof to show that she was "of previous chaste character;" and the court instructed the jury orally that the district attorney was correct in stating to the jury that the previous

chaste character of the prosecutrix was not in issue. This oral instruction to the jury by the court told the jury, in effect, that the character of the prosecutrix was presumed to be chaste, or at least that the burden was not upon the state to show that it was chaste. This was fatal error as to the burden of proof, necessitating a reversal. We omit passing on the question as to error in charging the jury orally. We have said enough for reversal without deciding this point.

Under the indictment in this case previous chaste character of the female is an essential ingredient of the crime, is alleged in the indictment, and must be proved by the state. The failure to charge it, or after having charged it, as here, failure to prove it, is error. The authorities throughout the United States are practically unanimous in holding this view. But we should be constrained to so hold under the very language of the statute, even though such conclusion was not supported by the great weight of authority in other jurisdictions.

*Reversed and remanded.*