THAMES *v.* STATE.

June 14, 1954

No. 39221          67 Adv. S. 126          73 So. 2d 134

*H. C. Watkins, Sam O. Buckley,* Meridian, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

The appellant was indicted, tried and convicted of the crime of burglary and sentenced to the penitentiary for ten years. The indictment appears to be based on Code Section 2036. This statute denounces the crime of breaking and entering, in the day or night, the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some crime therein. The crime appellant intended to commit, as laid in the indictment was "to, unlawfully and feloniously make an assault on Mrs. Lloyd Gatewood, a female over the age of twelve years, then and there being, and her, the said Mrs. Lloyd Gatewood, then and there violently, forceably, feloniously and against her will to ravish and carnally know."

The jury was warranted in finding under the evidence that: The appellant broke the screen and raised the window to the private dwelling of Mr. and Mrs. Lloyd Gatewood in the City of Forest; appellant then entered through the window into the living room and turned on the light; Mrs. Gatewood and her small daughter were sleeping in the next room; the clicking on of the light awakened Mrs. Gatewood and she saw a person's head shadowed on the door facing; the intruder then appeared to try to hide behind the door facing but Mrs. Gatewood saw him sufficiently well to identify the appellant as the intruder; the burglar was undressed save a pair of pants held up with suspenders, his pants being unbuttoned with his penis exposed; the intruder came to within two or three feet of Mrs. Gatewood's bed; Mrs. Gatewood screamed and the burglar left through the window through which he had entered, as Mrs. Croxton, who was sleeping in the room adjoining the Gatewood living room, came into the Gatewood apartment; the appellant confessed the crime and the confession was voluntary, with-

out threat or promise; he said in his written confession that he was so drunk he hardly knew what he was doing; appellant took the officers to the Gatewood home and showed them the window he entered.

Appellant denied he made a confession; and denied the breaking and entering. He admitted putting his "x" on a statement, but said he could not read, and although the statement of confession was read to him he did not understand it. Appellant offered five witnesses who made out an alibi for the appellant, but the jury rejected their testimony.

▇▇▇ Appellant contends that the indictment, to which he interposed a demurrer, was fatally defective, in that it did not allege the previous chaste character of the female. Appellant correctly contends that an indictment under Code Section 2036 must charge the two elements of the crime: (1) The burglarious breaking and entering, and (2) the felonious intent to commit some crime therein; and both elements must be laid in the indictment and proved as laid. Brumfield v. State, 206 Miss. 506, 40 So. 2d 268. The crime the appellant intended to commit therein, as laid in the indictment, was not assault to commit rape (Code Section 2361), but rape (Code Section 2358). Under Code Section 2361 the previous chaste character of the female is an essential element of the crime. Wyche v. State, 124 Miss. 736, 87 So. 286. Previous chaste character of the female is not an element of rape under Code Section 2358. Baker v. State, 82 Miss. 84, 33 So. 716.

▇▇▇ Appellant also contends that the proof was not sufficient to prove that the appellant intended to commit rape. Intent, being a state of mind, is rarely susceptible of direct proof, but ordinarily must be inferred from the acts and conduct of the party and the facts and circumstances attending them which reasonably indicate them to the minds of others. 9 Am. Jur. 271. In the case of Nichols v. State, 207 Miss. 291, 42 So. 2d 201, this Court quoted approvingly from State v. Worthen, 111 Iowa 267,

82 N. W. 910, as follows: "Some presumptions are to be indulged in against one who enters a building unbidden at a late hour of the night, else the burglar caught without booty might escape the penalties of the law. People are not accustomed in the nighttime to enter homes of others, when asleep, with innocent purposes."

The usual object of burglary is theft and appellant strongly urges that the proof is more consistent with the intent to steal than to commit rape. The appellant approached to within two or three feet of the bed in which Mrs. Gatewood was sleeping. He had on only his pants which were open in front with his private parts exposed. We think the jury, under such circumstances, was warranted in finding that appellant intended to commit rape. Whether the appellant entered the Gatewood dwelling with the intent to steal or rape was a matter to be inferred from all the circumstances.

Appellant relies on such cases as Pew v. State, 172 Miss. 885, 161 So. 678 (assault with intent to rape), State v. Lindsey, 202 Miss. 896, 32 So. 2d 876 (attempted rape). Those cases did not involve the felonious breaking and entering of a dwelling in the nightime where a female was sleeping. Here the felonious breaking and entering is evidence of some unlawful purpose. The criminal intent is clear. The specific intent to ravish is consistent with the proven facts and is reasonably inferable. Compare McFarland v. State, 212 Miss. 802, 55 So. 2d 457.

Appellant assigns as error the action of the district attorney in causing the appellant to rise and move within the bar while the prosecutrix was on the stand and before she began to testify. The special bill of exceptions, which was approved by the court, set forth the following facts: At the beginning of the trial, the jury being in the box, Mrs. Gatewood took the stand; the question of the identity of the defendant was an issue; the district attorney requested the defendant to move from the place where

he was sitting within the bar with a number of his relatives, and move closer to the table where his counsel were setting; defendant was caused to rise within the bar and move to the counsel table where his attorneys were seated. His counsel objected to this action, and the objection was overruled. It appears that the court did not order the defendant to rise and move within the bar, but the defendant did so on the request of the district attorney. Appellant contends that such action was a violation of the provisions of the Constitutions of the United States and of the State of Mississippi which provide that no person shall be compelled in any criminal case to be a witness against himself. Section 26, Mississippi Constitution. Section 26 of our State Constitution also provides that in criminal prosecutions the accused has the right to be confronted by the witnesses against him.

In felony cases the defendant must be personally present during the progress of the trial. Rolls v. State, 52 Miss. 391. The district attorney could not proceed with the trial unless he knew the accused was in court. Whether the district attorney knew the appellant is not shown in the record. It was no violation of appellant's constitutional rights for the district attorney to be certain that the person on trial was personally present. The accused must be before the bar. It was a part of the orderly process of trial for the accused to be with his counsel. If he was not there the district attorney had a right to request that he be there.

By far the greater number of the cases support the general proposition that upon the trial of a criminal case the defendant may be required to stand up in the presence of the jury and a witness so that the witness may have a clear view of the defendant and identify him as the person about whom witness is testifying, if the witness can do so, and that compelling the defendant so to stand up in court for identification does not violate his constitutional privilege against compulsory self-crimination. 117 A.L.R. 1163.

The other assignments of error have been carefully considered and do not merit discussion here.

Affirmed.

*Roberds, P. J.,* and *McGehee, C. J.,* and *Kyle* and *Holmes, JJ.,* concur.