320 So.2d 376 (1975)
Roosevelt JORDAN
v.
STATE of Mississippi.
No. 48535.
Supreme Court of Mississippi.
October 6, 1975.
Rehearing Denied November 3, 1975.
Pigford, Hendricks & Fields, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.
BROOM, Justice.
Conviction of manslaughter and a ten year penitentiary sentence resulted from Jordan's trial on a murder indictment. Trial was in the Circuit Court of Clarke County. We affirm.
The controlling issue is whether or not a written confession given by Jordan, an illiterate man, was properly qualified as voluntary and admissible as ruled by the trial court.
*377 Jordan was convicted of slaying Roxie Twille (his girl friend), on December 8, 1973. The proof shows that Roxie died as a result of a brutal beating. Jordan admitted striking her but said that her severe head wound resulted from her accidentally falling into a door facing.
During the evening of December 7, 1973, Jordan and Roxie, with others, had been drinking at her house and went to Waynesboro to obtain some more drinks. After they arrived back at Roxie's house, Jordan left around midnight and returned later. When he arrived back at the house, Jordan apparently thought he heard someone run out the back door. After inquiring about who it was that he heard leaving, Jordan went to Roxie's bedroom and there is apparently where he inflicted a beating upon Roxie with a piece of wood. She died several hours later, after first refusing hospitalization. The cause of death was a brain injury.
Prior to the trial in chief, the court heard Jordan's motion to suppress and exclude his written confession taken by Sheriff Hutchinson. At the hearing, the sheriff testified that he took Jordan's confession which was written down in longhand by the sheriff's wife and then typed by her. According to the sheriff's testimony, Jordan confessed after being informed of his rights. Sheriff Hutchinson further testified that the confession was made freely and voluntarily in his office where the sheriff's wife was present. Deputy Williams was present part of the time but both he and the sheriff were in and out, answering the telephone, during the time the confession was taken and signed. At the hearing on the motion, the state rested after the sheriff testified, whereupon Jordan (the appellant) testified and stated that he did make the statement but that some of the words in it were not his words. His version was that he signed it to be "obedient" and he denied the sheriff's testimony that the sheriff read it to him before he signed it. Neither the sheriff's wife nor Deputy Williams was called by either side as a witness at the hearing of the motion to suppress.
We are of the opinion that the trial court correctly refused to suppress and exclude the confession. Jordan did not contend that he was beaten, threatened, coerced or induced to confess. By the sheriff, the state made out a prima facie case of voluntariness on the part of Jordan in making the confession. Upon the posture of the case, the state was required to do no more nor to offer any other witness because neither Jordan nor anyone else said that the confession was involuntary. His statement that he signed to be obedient was not sufficient to require any further proof by the state in this regard. Agee v. State, 185 So.2d 671 (Miss. 1966), held that all officers present at a time when the accused made a confession should have been put on the stand to establish voluntariness. The difference in this case and Agee is that here we find no evidence that the confession resulted from violence, threats of violence, coercion, or any improper inducement. Therefore, the state was not under any obligation to put on the stand all persons present (whether officers or not) since voluntariness was not put in issue by the accused. The testimony of the state was sufficient upon the circumstances revealed by the record and was not contrary to the rules laid down by this Court in Agee, supra, or Younger v. State, 301 So.2d 300 (Miss. 1974), or Stevens v. State, 228 So.2d 888 (Miss. 1969).
The question raised by Jordan's testimony that he did not utter all of the words in the confession is not availing to his argument on the admissibility of the confession. Whether the confession as introduced was accurate went to the weight and credibility of the testimony and was a jury issue.
Other issues were raised on the appeal, but none of them merit discussion.
Affirmed.
*378 The case was considered by a conference of the Judges en banc.
GILLESPIE, C.J., RODGERS, P.J., ROBERTSON, SUGG, and WALKER, JJ., concur.
SMITH, PATTERSON and INZER, JJ., dissent.
SMITH, Justice (dissenting):
Jordan could neither read nor write. Upon the hearing of a motion to suppress a statement attributed to him, the State offered the sheriff. The sheriff testified that he and a deputy had been "in and out" of the sheriff's office during the taking of the statement but that his (the sheriff's) wife, who took down the statement and typed it up, was the only person, other than Jordan, who had been present throughout. The status of the sheriff's wife, under the circumstances, and for the time being, was that of an officer engaged, with other officers, in taking an inculpatory statement from a prisoner. When the statement was offered, an objection was interposed on the ground that the statement was not the voluntary statement of Jordan.
The sheriff testified that he had read the statement to Jordan. Jordan denied this. It is undisputed that Jordan is unable to read or write (except to make a sort of scrawl which he calls his signature) so that the contents of the writing could have been known to him only if it had been read to him. Counsel for Jordan specifically requested the trial court, before admitting the statement, to require the State to call the other persons present when the statement was alleged to have been given and this request was denied. A written statement can be voluntary only if the person to whom it is attributed knows its contents. In this case, Jordan, a man unable to read or write, testified that, contrary to the sheriff's testimony, the statement had not been read to him. Whether this is true or not the trial court should have required the prosecution to put on the sheriff's wife, at least, she having been the only person present throughout the entire episode which produced the statement. Without her testimony it cannot be known what went on when the sheriff and his deputy were "out." As it was, the introduction of the statement had the effect of requiring Jordan to take the stand as a witness in his own behalf. The evidence of Jordan's guilt, without his own testimony, although quite strong, was in its material aspects circumstantial. The admission of the statement attributed to him lead to Jordan's taking the stand and to his giving direct testimony as to the beating which resulted in the death of the victim. Evidence supporting the verdict of guilty of manslaughter, as stated, is strong, nevertheless, no man on trial for a capital offense (or for any offense) should be saddled with the contents of a statement that he could not read and which, he swore, was never read to him. Under the facts, the statement here hardly can be termed a "voluntary" statement of Jordan.
PATTERSON and INZER, JJ., join in this dissent.