342 So.2d 892 (1977)
Johnny M. KING
v.
STATE of Mississippi.
No. 49492.
Supreme Court of Mississippi.
February 9, 1977.
Hugh L. Bailey, Winona, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice, for the Court:
Johnny M. King was indicted, tried and convicted in the Circuit Court of Montgomery County of the crime of "assault with intent to forcibly ravish one Sandra Knight, a female human being of previous chaste character." His term of imprisonment was fixed by the jury at two years in the State Penitentiary.
The indictment was framed under the provisions of Mississippi Code Annotated section 97-3-71 (1972), which provides:
"Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury, or by the court upon the entry of a plea of guilty."
Appellant contends that:
1. "The Trial Court Erred in Not Excluding From Evidence the Alleged Statement, Exhibits 2 and 3 of the Appellant"; and
2. "The Charge Against the Appellant was not Proven Beyond a Reasonable Doubt".
There is no merit in assignment of error number 1. Defendant King not only signed a voluntary statement (one page  Exhibit 2) setting forth in great detail his Miranda rights, but also admitted at the preliminary hearing that his rights were read to him, that he fully understood his rights, that he was not under threat, duress or force, and that he willingly and voluntarily signed the statement. Page 2 of the statement was admitted as Exhibit 3 to the testimony of Mrs. Army Hobbs, the secretary who took down the statement in shorthand and immediately transcribed her notes. The statement was in the form of questions by Chief of Police Steed of the Winona Police Department and answers by Defendant King. Mrs. Hobbs testified that *893 it was a true, accurate and correct transcription of her shorthand notes. King admitted that he signed the statement containing his Miranda rights, but testified that Page 2 (Exhibit 3) was not presented to him after it was typed up, that he had not read it nor signed it.
Chief Steed testified positively and unequivocally that he read to King every word of his Miranda rights before any statement was made by King; that King fully understood his rights; that no promise was made; that no threat was made, and that no force or coercion of any kind was exerted on King; that King freely and voluntarily answered the questions asked him; and that Exhibit 3 was a true and accurate statement of questions propounded to King and answers given by him. In fact, Chief Steed used the statement as a memo to refresh his memory and testified as to every question asked King and every answer given by him.
The appellant's contention, that the statement might not be accurate and therefore should not have been admitted into evidence, is not a valid objection.
In Jordan v. State, 320 So.2d 376 (Miss. 1975), we said:
"The question raised by Jordan's testimony that he did not utter all of the words in the confession is not availing to his argument on the admissibility of the confession. Whether the confession as introduced was accurate went to the weight and credibility of the testimony and was a jury issue." 320 So.2d at 377.
In his second assignment of error appellant argues that the charge against him was not proven beyond a reasonable doubt.
Sandra Knight, a 10-year-old girl, testified that at 8:00 A.M. on April 17, 1975, she was returning to her home from school to change her clothes when Defendant King stopped at a stop light and, when she refused to get in his car, forcibly pulled her into the car. She further testified that when she was trying to jump out of the car that he caught her hand and pulled her toward him, that he put his hand between her legs; and that he tried to get on top of her.
King's statement was:
 10:35 DATE APRIL 17, 1975 PAGE 2
STATEMENT OF: JOHNNY MACK KING
AGE: 25
I WAS GOING DOWN TO SEE A FRIEND OF MIND (Sic) TO SEE IF I COULD BORROW HIS TRACTOR. I PICKED UP A LITTLE GIRL AT THE RED LIGHT ON THE SOUTHSIDE OF THE HIGHWAY. THE DOOR WAS HARD TO OPEN, SO I PUSHED THE DOOR OPEN TO LET HER IN. CHIEF STEED, "AFTER YOU PICKED UP THE LITTLE GIRL WHERE DID YOU GO?" JOHNNY, I WENT DOWN BY THE MIDDLE SCHOOL AND THE PRIVATE SCHOOL. CHIEF STEED, "WHY DID YOU GO ALL THE WAY DOWN TO THE PRIVATE SCHOOL?" JOHNNY, SOME FELLOW WAS ON MY TAIL AND I WAS TRYING TO GET AWAY FROM HIM. CHIEF STEED, "WHERE DID YOU GO AFTER YOU LEFT THE PRIVATE SCHOOL, AND WHY DIDN'T YOU PUT HER OUT WHEN YOU WERE SUPPOSE TO?" JOHNNY, A CAR PULLED OUT AND I WAS TRYING TO CHEER HER UP BECAUSE I PASSED BY THE PLACE SHE WANTED TO GET OUT. I STOPPED IN THE ROAD BY THE PET MILK PLANT. I WAS TRYING TO CHEER HER UP BECAUSE SHE WAS STILL UPSET AND I STOPPED TO LET HER OUT. CHIEF STEED, "THE MAN THAT WAS TAILING YOU WAS THE MAN THAT SAW YOU PULL THE LITTLE GIRL IN THE CAR." CHIEF STEED, "DID YOU ASK HER TO DO ANYTHING WITH YOU?" JOHNNY, NO. I JUST TOUCHED HER COAT. CHIEF STEED, "WHAT WERE YOU GOING TO DO WITH HER COAT?" JOHNNY, I TOLD HER IT WAS A PRETTY COAT TO CHEER HER UP. CHIEF STEED, "THE GIRL TOLD US EVERYTHING THAT HAPPENED." JOHNNY, WHAT IF I WENT AHEAD AND TOLD EVERYTHING? ... CHIEF STEED, "THE LITTLE GIRL HAS NO REASON TO LIE SHE IS JUST 10 YEARS OLD." ... CHIEF STEED, "IF SHE HAD BEEN WILLING WOULD YOU HAVE HAD INTERCOURSE WITH HER?" JOHNNY, I DON'T KNOW. IF SHE HADN'T GOTTEN SCARED AND I HAD NOT GOTTEN SCARED I WAS PLANNING ON GOING THROUGH WITH IT. I MADE A PASS AT THE LITTLE GIRL. I PUT MY HANDS BETWEEN HER LEGS, I MEAN ON HER THIGH. I WAS PULLING HER OVER WHEN A CAR PAST (Sic) BY AND SHE GOT OUT AND RAN. CHIEF STEED, "DO YOU HAVE A GIRL FRIEND?" JOHNNY, YES, I HAVE A GIRLFRIEND... . CHIEF STEED, "YOU DID HAVE IN MIND TO HAVE INTERCOURSE WITH HER." JOHNNY, IT WAS MY INTENTION. CHIEF STEED, "YOU REALLY INTENDED TO RAPE THAT LITTLE GIRL." JOHNNY, IT WAS MY INTENTION. CHIEF STEED, "DO YOU HAVE ANYTHING ELSE YOU WANT TO TELL US?" NO, SIR.
 /s/ H.L. Steed Chief of police 4-17-75.
 /s/ Army S. Hobbs 4/17/75
 /s/ W.P. Branch Capt. 4-17-75
Defendant King took the stand in his own defense and repudiated the statement that he intended to have intercourse with the little girl, and he contends on appeal *894 that nobody would know his intentions but him, and that his intention was not proved beyond a reasonable doubt.
This contention was also made in Thames v. State, 221 Miss. 573, 73 So.2d 134 (1954). In Thames, we said:
"Appellant also contends that the proof was not sufficient to prove that the appellant intended to commit rape. Intent, being a state of mind, is rarely susceptible of direct proof, but ordinarily must be inferred from the acts and conduct of the party and the facts and circumstances attending them which reasonably indicate them to the minds of others. 9 Am.Jur. 271." 221 Miss. at 577, 73 So.2d at 136.
In Fondren, Alias Taylor v. State, 253 Miss. 241, 175 So.2d 628 (1965), Fondren was convicted of the crime of burglary with intent to rape. In affirming the conviction in Fondren, this Court said:
"`The intent, however, may, and generally must, be proved by circumstantial evidence, for as a rule it is not susceptible of direct proof; and it has been held that the evidence of intent sufficient to support a conviction of burglary may be slight, in the absence of any evidence that the entry was made with any other intent... . Even where the felony was not actually committed, an intent to commit it may be inferred from the time and manner at and in which the entry was made, or the conduct of accused after the entry, or both.'
.....
"The specific intent to rape is consistent with the proven facts and is reasonably inferable. The matter was submitted to the jury on proper instructions and we feel they were justified in their decision insofar as this question is concerned." 253 Miss. at 252-53, 175 So.2d at 632-33.
There was ample evidence from Sandra Knight's own testimony and from the free and voluntary statement of defendant King to justify the jury in finding the defendant guilty as charged beyond a reasonable doubt.
We, therefore, affirm the conviction and sentence.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.