519 So.2d 1230 (1988)
Lester PORTER
v.
STATE of Mississippi.
No. 57469.
Supreme Court of Mississippi.
February 17, 1988.
Jeffrey A. Varas, Hazlehurst, for appellant.
*1231 Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from the Circuit Court of Lincoln County wherein appellant Lester Porter was convicted of armed robbery and sentenced to thirty-five years imprisonment. Finding no errors in the trial below, we affirm both the conviction and sentence.
On November 1, 1985, Mrs. Edna Smith was working alone as cashier at a Brookhaven convenience store. At about 3:30 a.m. she was robbed by a masked man wearing a rainsuit. The robber displayed a knife with a rusty blade. He took approximately $140 in cash and about $20 in foodstamps from the register. He then requested a large bag which he filled with cartons of cigarettes, beer, coffee and toiletries before leaving.
Mrs. Smith was able to tell from the robber's hands that he was black. She also noticed that he had a scar on his right hand and was about 6 feet tall. At trial, she could not identify the appellant himself or his voice, but she did positively identify the scar as the same the robber had.
Mark Barnes also testified that on the morning of November 1, Lester Porter approached him and offered him $25 to drive him to Bogue Chitto. Barnes initially refused but eventually agreed to take Porter to his aunt's home there in Brookhaven. Upon entering his car, Barnes found a bag containing beer, cigarettes, and other items that had been placed there by Porter. He drove Porter to the home of his aunt, and Porter took some of the items into his aunt's house. Barnes and Porter argued because Barnes would not take Porter to Bogue Chitto. Subsequently, Porter pulled out a rusty knife and tried to attack Barnes, but Barnes managed to escape and called the police.
When police arrived, they found Porter carrying a rusty knife in his pocket and a large bag containing coffee and cigarettes. As the arresting officer approached, Porter stated without prompting that it was Barnes who robbed the convenience store and not him.
Mrs. Louvenia Porter, appellant's aunt, consented to a search of her home by the police. The officers found cigarettes, beer and other items matching the description of those taken in the robbery in a bedroom used by the appellant.
In a strip search of the appellant at the police station, officers found $172 in cash and $22 in food stamps in appellant's underwear.
Mrs. Porter testified on behalf of the appellant that the knife in question belonged to her deceased son. She also stated she had used the knife on the evening of October 31 and it remained in her home until appellant arrived there on the morning of November 1 around 7:00 a.m.
At the end of the trial, the jury found appellant guilty and the trial court sentenced Porter to imprisonment for thirty-five years. It is from this conviction and sentence Porter appeals.
Appellant assigns a number of errors in the court below. We have carefully examined each allegation and find no merit in any.
We find it necessary to address only appellant's contention that display of his scar to the witness was in violation of his Fifth Amendment right against self-incrimination.
Mrs. Smith could not identify the robber's voice or his face because the robber wore a mask. However, she did notice a scar on the right wrist of the assailant. During her testimony the court granted the state's request to have the appellant exhibit his hands to the witness, in spite of his objection. Mrs. Smith positively identified the scar on appellant's hand as the same one she saw on the hand of the robber.
Appellant maintains that requiring him to exhibit his hands when he had not taken the witness stand was prejudicial and in violation of his right against self-incrimination.
*1232 Appellant sub judice argues that because he did not take the stand he could not be required to exhibit his hands. We note that King v. State, 230 So.2d 209 (Miss. 1970), merely addressed the situation before it and in no way limited such exhibition exclusively to defendants who offer testimony.
In Schmerber v. California, 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908, 916 (1966), the U.S. Supreme Court noted:
[B]oth federal and state courts have usually held that [the protection against self-incrimination] offers no protection against compulsion to submit to finger-printing, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.
That Court also stated that "the privilege is a bar against compelling `communications' or `testimony' but that compulsion which makes a suspect or accused the source of `real or physical evidence' does not violate" [the privilege against self-incrimination]. While this Court has not ruled on the precise issue of exhibiting body parts, we have made analogous rulings. In Hurst v. State, 240 So.2d 273 (Miss. 1970), this Court ruled that permitting a prosecuting witness to hear the voice of the defendant was not a violation of his right against self-incrimination.
In Thames v. State, 221 Miss. 573, 579, 73 So.2d 134 (1954), this Court affirmed a case wherein the defendant was required to stand up during the testimony of the prosecuting witness, stating:
By far the greater number of the cases support the general proposition that upon the trial of a criminal case the defendant may be required to stand up in the presence of the jury and a witness so that the witness may have a clear view of the defendant and identify him as the person about whom witness is testifying, if the witness can do so, and that compelling the defendant so to stand up in court for identification does not violate his constitutional privilege against compulsory self-incrimination.
221 Miss. at 579, 73 So.2d at 137.
In McCrory v. State, 342 So.2d 897 (Miss. 1977), the defendant challenged his compelled production of handwriting examplers. This Court went on to adopt the U.S. Supreme Court principle that the Fifth Amendment only bars the compelled production of testimonial evidence, as opposed to identifying physical characteristics. 342 So.2d at 899.
As appellee notes, a majority of other jurisdictions hold that such exhibitions do not violate the defendant's right against self-incrimination. Cf. State v. Picot, 482 So.2d 771 (La. 1986); Love v. State, 730 S.W.2d 385 (Tex. App.-Ft. Worth 1987).
Exhibiting the scar was much less intrusive to the body of defendant than blood tests or even fingerprints, which the courts have clearly required. We find in this case that exhibition of the scar was not violative of the defendant's right against self-incrimination.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.