### BENNIE BROWN *v.* THE STATE.

1. BURGLARY. *Indictment. Offense, when complete. Averment and proof of the larceny.*

   Where an indictment avers that accused did "unlawfully, wilfully, feloniously and burglariously break and enter" a certain storehouse, "*with intent to steal therein,*" the offense of burglary is sufficently charged, and the further averment that he then and there stole and carried away the goods of a certain person is surplusage, and a variance between the proof and the averment as to the ownership of the goods stolen is immaterial.

2. TESTIMONY OF ACCOMPLICE. *Instruction. Judicial discretion.*

   Where an instruction declaring that "the testimony of an accomplice should be received with great caution, and the jury may disbelieve it altogether," is modified by adding the words "if they have a reasonable doubt of its truth," the modification cannot be assigned for error, the giving of such instruction being a matter within the discretion of the court. *Cheatham* v. *State.* 67 Miss., 335.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Bennie Brown was convicted of burglary, and appeals. The indictment charges that accused unlawfully, wilfully, feloniously and burglariously broke and entered, in the night time,

a storehouse of Mrs. M. O'Leary, with intent to steal therein, " and did then and there unlawfully, wilfully, feloniously and burglariously take, steal and carry away goods, wares and merchandise, the articles of which are to the grand jurors unknown, and of the value of six hundred dollars, and the personal property of J. A. Jones and J. J. Jones, in said store then and there being," etc.  It is assigned for error that the averment that the goods stolen belonged to J. A. and J. J. Jones is not proven, the only evidence as to this being that they were the property of Jones Brothers, a mercantile firm.

The state relied in part on the testimony of an accomplice, and, among other instructions asked by defendant, was one declaring that the jury should receive such testimony with great caution, and might disbelieve it altogether.  The court modified this instruction by adding the words: " If they have a reasonable doubt of its truth." ·  This modification is assigned for error.

It is unnecessary to state the case in any other aspects.

*Williamson & Potter*, for appellant.

The averment that the goods belonged to J. A. and J. J. Jones is not supported by the proof, and appellant's instruction seeking to avail of the variance should have been given.

The modification of the instruction as to the testimony of the accomplice was error.  The jury not only may, but must, disbelieve and disregard the testimony of any witness, whether an accomplice or not, " if they have a reasonable doubt of its truth."  The modification stripped the instruction of all its strength and force.  52 Miss., 217; 55 *Ib.*, 454.

*Frank Johnston*, attorney general, for the state.

The refusal to give the instruction as to the weight to be given to the testimony of an accomplice, as asked, was proper. It was on the weight of evidence.  The rule is correctly stated in *George* v. *State*, 39 Miss., 570.

The evidence as to the ownership of the goods as averred, appears all through the record.

COOPER, C. J., delivered the opinion of the court.

The burglary might well have been treated as complete by the averment that the burglarious entry was made by the appellant for the purpose of stealing within the building. The averment that, having broken and entered, the appellant then stole the goods of J. A. and J. J. Jones may be treated as surplusage, the principal offense being proved. 1 Bishop on Crim. Prac., 439, 440; 1 Bishop on Crim. Law, § 1002.

The modification of the instruction asked by the appellant touching the testimony of the accomplice cannot be assigned for error. *Cheatham* v. *State*, 67 Miss., 335.

*Affirmed.*