HOWE v. STATE.

[83 South. 675, In Banc. No. 20704.]

CRIMINAL LAW. *On affirming a conviction for murder court will not fix date for execution, where writ of coram nobis is pending.*

On affirming a conviction for murder with the death penalty, the supreme court will not fix a date for the execution, where it has previously reversed a judgment sustaining a demurrer to a petition for a writ of error *coram nobis,* but will remand the case to the trial court in order that the circuit court may have the whole case before it and at the proper time fix the date of execution, or take such action in the case as shall conform to the views expressed by the court in the consideration of the petition to vacate the judgment and grant the defendant a new trial.

APPEAL from the circuit court of Rankin county.
HON. A. J. McLAURIN, Judge.
George Howie was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*L. M. Burch,* for appellant.

*R. M. Bourdeaux,* assistant attorney-general, for the state.

STEVENS, J., delivered the opinion of the court.

Appellant was indicted and convicted of the charge of murder and by the circuit court of Rankin county sentenced to be hanged. From the judgment of conviction he prosecuted this appeal. Subsequent to the date of his trial and conviction by the circuit court of Rankin county and after the regular term of the circuit court had elapsed, appellant presented to the said circuit court his petition for a writ in the nature of the writ *coram nobis,* his application was overruled, and from the judgment of the court overruling said application an appeal was prosecuted to this court. On a former day of this term, that branch of the case involving the petition for a writ of *coram nobis* and the demurrer thereto was considered by this court, and the judgment of the circuit court sustaining the demurrer to the petition was reversed in so far as it involves the merits of said application. We have before us now an appeal from the judgment of conviction, that judgment which appellant subsequently asked the circuit court of Rankin county to set aside.

This appeal on the merits involves principally the question whether the defendant on the proof is guilty of murder or manslaughter. There is no merit in any point argued, and no question is raised upon this appeal that merits discussion. The judgment of conviction must be affirmed. We state our views upon the present record on account of the situation brought about by the application for the writ *coram nobis.* Inasmuch as we have reversed the judgment of the learned circuit court sustaining the demurrer to the petition for said writ and the cause has been remanded for further proceedings appropriate to such application, we are of the opinion that, instead of now fixing a date for execution, we should affirm the cause on its merits and remand the case to the trial court in order that the

circuit court may have the whole case before it and
at the proper time fix the date of execution, or take
such action in the case as shall conform to the views
expressed by us in the consideration of the petition to
vacate the judgment and grant the defendant a new
trial.   If, upon a reconsideration of the petition for
the writ *coram nobis,* the learned circuit court should
conclude that such application should be overruled, then
the circuit court can and should fix the date of execu-
tion.   If, on the other hand, the said application should
be granted and the judgment of conviction set aside
and vacated, the necessity for the execution of this
judgment will, of course, no longer exist.   Let the judg-
ment be affirmed, and the cause remanded solely for the
purpose of allowing the circuit court to resentence the
accused.

*Affirmed and remanded.*