KING *et al. v.* STATE.*

(Division A. Feb. 16, 1925.)

[102 So. 840.  No. 24441.]

1. CRIMINAL LAW. *Submitting to jury question whether arresting officer discovered whisky in possession of accused before or after arrest, not error.*

In a prosecution for having more than one quart of whisky in possession, it is not error for the court to submit to the jury the question of whether or not the arresting officer discovered whisky in possession of the defendants before or after the arrest of the defendants.

2. CRIMINAL LAW. *Submitting question whether crime was being committed in presence of arresting officers before or after arrest to jury held proper.*

Where the evidence is contradictory as to whether or not the defendants had more than one quart of whisky in their possession,

it is proper, where the state's witnesses contradict each other as to whether or not a crime was being committed in their presence presence before or after the arrest, to submit this issue to the jury under proper instructions.

3. CRIMINAL LAW. *Accused sentenced to suffer more than legal imprisonment entitled to have case remanded for proper sentence.*

Defendants, convicted of having more than one quart of intoxicating liquors in their possession and fined five hundred dollars and six months in the county jail by the court below, with a suspension of a part of each of the sentences, are entitled to have their cases remanded for proper sentence, the maximum jail sentence under chapter 210 of the Laws of 1922 being ninety days in jail in addition to the money fine.

4. CRIMINAL LAW. *Trial court cannot suspend jail sentence for unlawful possession of liquor.*

A conviction under section 1 of the above act being had, the court below is without power under section 3 of the act to suspend any part of a proper sentence.

*Headnotes 1. Criminal Law, 16 C. J., section 2439; 2. Criminal Law, 16 C. J., section 2439; 3. Criminal Law, 17 C. J., section 3758; 4. Criminal Law, 16 C. J., section 3139.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

Red King and Poodle White were convicted of unlawful possession of liquor, and they appeal. Remanded for proper sentence; otherwise affirmed.

*R. A. Wallace,* for appellants.

The first error complained of is to the action of the court in denying the appellants a severance. Section 1491, Code of 1906; section 1249, Hemingway's Code, provides: "Persons jointly indicted for misdemeanors may be tried jointly or separately, in the discreton of the court." Chapter 210, Laws of 1922, provides that any person convicted of having more than one quart of whiskey or any other intoxicating drink in their possession shall be sentenced to serve not less than thirty nor more than ninety days in jail in addition to the money fine pre-

scribed by law.  It will be seen that the punishment pre-
scribed for the possession of more than one quart of
whiskey is heavier than the punishment prescribed for
the possession of one quart or less.  The proof taken at
the hearing of the motion for a severance shows that one
quart of whiskey was taken from the appellant King and
six quarts were taken from the appellant White.

The court erred in refusing to hear testimony upon the
applications of the appellants for the return of the whis-
key taken from them.  The purpose of these applications
was to suppress the evidence in the possession of H. C.
Norsworthy, sheriff, A. J. McNair, a deputy sheriff, and
Mr. Bradley, a constable, which had been taken by them
from the appellants in violation of section 23 of the Con-
stitution of this state.  *Tucker* v. *State,* 90 So. 845.

The court erred in admitting the testimony of the wit-
nesses McNair, Bradley and Norsworthy, over the ob-
jection of the appellants.  The testimony of these wit-
nesses is not admissible, because it was obtained in vio-
lation of sections 23 and 26 of the Constitution.  *Tucker*
v. *State,* 90 So. 845; *Butler* v. *State,* 93 So. 3; *Taylor* v.
*State,* 93 So. 355; *State* v. *Patterson,* 95 So. 96; *McCarthy*
v. *City of Gulfport,* 99 So. 501; *Jordan* v. *State,* 100 So.
384.

The court erred in permitting the state to exhibit the
whiskey, to which reference is made in the record in
the testimony of the witnesses, McNair, Bradley and
Norsworthy, and in overruling the appellants' motion to
exclude the same.  The whiskey was not actually intro-
duced in evidence, but the district attorney caused the
same to be placed upon a table in front of the jury, and
the witnesses handled and referred to it in the presence
and hearing of the jury, during the trial, as will be seen
from a reading of the testimony of the officers, McNair,
Bradley and Norsworthy.  The same authorities cited in
support of the preceding assignment of error are relied
on here.

The court erred in overruling the appellants' motion to exclude the testimony and to instruct the jury to find them not guilty. The court erred in sentencing the appellants to pay a fine of five hundred dollars and to serve a term of six months in the county jail each. At most, the court was authorized to sentence the appellants to pay a fine of five hundred dollars and to serve ninety days in jail, chapter 189, Laws 1918; Chapter 210, Laws 1922.

*F. S. Harmon,* Assistant Attorney General, for the state.

The motion for a severance was properly overruled. The trial judge has wide discretion with respect to the motion for a severance. Testimony was taken by the trial judge holding a special hearing in support of the motion. On this hearing, White admitted that the six quarts of Canadian Club found in the pasteboard carton belonged to him, and White was driving the Ford in which the liquor was being transported. However, Red King, likewise, stated on the hearing of the motion that the quart bottle and the small sample bottle of liquor in his pocket belonged to himself. And it thus appears that each of the two appellants was in possession of more than a quart of intoxicating liquor.

The disputed question of fact as to whether or not the officers discovered a crime being committed in their presence before ordering the appellants under arrest was submitted to the jury under proper instructions and the verdict of the jury should not now be disturbed. The defendants introduced no testimony whatever, but moved for a peremptory instruction and that the testimony for the state be excluded, because procured as a result of a search and seizure without a warrant.

The specific question on which this entire case turns, is whether or not the sheriff ordered these men under arrest before or after the breaking of the bottle of liquor furnished the sheriff and his companions with direct and positive evidence that a crime was being committed in their presence. The judge instructed the jury for the

state, "That the sheriff or other officers has a right to arrest any person who commits an indictable offense in his presence, and that after arresting a person charged with a violation of law an officer has a right to search such violator without a warrant."

In addition to this the judge instructed the jury elaborately in behalf of the defendants to the effect that the Constitution of Mississippi protects its citizens from illegal search and seizure. Acting under these instructions, the jury by its verdict declared that the appellants were ordered under arrest after the officers actually discovered the whiskey and knew that it was whiskey.

Surely this court cannot say, in the light of the disputed evidence in this case, that the jury was not warranted in believing the testimony of the sheriff on this point. In *Hill* v. *State,* 92 So. 578, almost the same question furnished the crucial point in the case. This case was reversed and remanded, because the court took away from the jury the disputed question of fact as to whether or not the sheriff and his companions had a search warrant. On this point, Judge ETHRIDGE speaking for the court said: "We think that the evidence left it to the jury to determine whether or not the officers had a search warrant, and also it was for the jury to decide whether appellant's wife as a matter of fact authorized the officers to enter the house and make a search . . ."

We submit that the rule here laid down is conclusive of the case at bar and since the learned trial judge here was scrupulously careful to submit the disputed question of fact to the jury in accordance with this decision of this court, the conclusion seems inescapable that since the evidence of Sheriff Norsworthy is more than sufficient to sustain the finding of the jury, that finding will not be disturbed by this court. This case should, therefore, be affirmed.

McGOWEN, J., delivered the opinion of the court.

The above-named appellants were convicted of having more than one quart of intoxicating liquors in their

possession, and each of them was by the circuit court sen-
tenced to pay a fine of five hundred dollars and each be
confined in the county jail for a period of six months, and
pay all costs of court, and stand committed until paid.

These two defendants were arrested by the sheriff, A.
J. McNair, and deputy, and Mr. Bradley, a constable,
under these circumstances: The sheriff and his two as-
sistants concealed themselves in T. A. Robinson's resi-
dence on Fourth street in the city of Hattiesburg, For-
rest county, Miss. Poodle White accompanied by Red
King, about three o'clock in the afternoon, drove a Ford
car to a point in the street opposite the house of Robin-
son. Robinson left the house in which the officers were
concealed, reached the automobile standing in the street
in which Poodle White and Red King were seated, and
after Robinson reached the car there was something oc-
curred between the two defendants and Robinson, and
six quarts of whisky appeared on the running board of
the car, one quart dropping to the ground. The bottle
was broken, and the sheriff and McNair say that they
both smelled and saw that it was whisky before any ar-
rest was made, and said they knew it was whisky which
was dropped and had been broken, which came from the
defendant's car. The whisky that was dropped from
the car upon the running board was in a sack. There
were six quarts. And when McNair started to cut the
sack open with a knife, the defendant, King, remarked,
"Not necessary to cut it open; six quarts of damn good
whisky in there."

Upon searching King after he was arrested, and after
the above circumstances, they found upon his person a
quart of whisky and a sample bottle of whisky, and a
forty-five-calibre revolver. Likewise White was armed
with a revolver.

Bradley states that when the transaction was taking
place between Robinson and the two defendants, that he,
McNair, and the sheriff rushed out of the house with
their guns presented, and that White and King threw
their hands up, saying: "They got us."

Upon this contradiction in the state's proof, the defendants first made an affidavit claiming the whisky and asking that the court restore it to them, which was denied by the court. Thereupon they made a motion for a severance, each claiming that it would prejudice his case to be tried with the other, which the court overruled, and both of which rulings are approved by this court on this record. Upon the motion to have the whisky turned over to them by the court, both King and White claimed each their respective whisky, and swore it was theirs.

Upon the trial of the cause, defendants did not offer any testimony, but asked for a peremptory instruction upon the ground that the sheriff and McNair were incompetent as witnesses, because they were under arrest at the time the sheriff searched their persons and took the whisky in custody. The court overruled this motion, and instructed the jury to the effect that "the jury must believe from the evidence beyond a reasonable doubt and to a moral certainty that the officers who made the arrest and seized the whisky, and knew it to be whisky before the arrest was made." The witnesses McNair and Norsworthy swore to the affirmative of this proposition, and their statements were contradicted by Bradley. The court submitted this issue of fact to the jury.

We think the jury correctly found the facts in this case, and that the defendants were astute to have themselves considered under arrest before the sheriff of the county made any demonstration towards taking them into custody.

The defendants being armed with two good pistols and more than seven quarts of "damn good whisky," we think this is a typical case of bootlegging and the methods employed by those who seek to ply this nefarious trade; and while this court will undertake to see that each defendant has a fair and impartial trial under the laws and constitutions of our country, we will not be astute to erect a shelter under which defendants, such as these, may hide themselves from the wrath of an outraged law. They had whiskey; they were armed; they

were doubtless delivering the whisky to Robinson; they were profane, and they have sworn, according to this record, that they owned this whisky without any excuse, mitigation or palliation.

Counsel for appellants relies upon the cases of *Butler* v. *State,* and *Robinson* v. *State,* 101 So. pages 193 and 706, respectively. These cases have no application here, because, according to the sheriff's statement, no arrest was made until after he had seen the whisky and smelled, and saw the defendants in the act of committing a crime; and if his statement was true, it was his duty to arrest the defendants without a warrant.

We find no reversible error in this record, except as to the sentence.

The learned circuit judge sentenced each of these defendants to pay a fine of five hundred dollars and serve six months each in jail, and suspended as to each two hundred and fifty dollars of the fine, and suspended as to each three months of the jail sentence. The laws of 1922, chapter 210, section 1, relative to the sentence of one convicted of having more than one quart of intoxicating liquors in his possession, is as follows:

"Any person convicted of having more than one quart of whisky or any other intoxicating drink in their possession shall be sentenced to serve not less than thirty nor more than ninety days in jail in addition to the money fine prescribed by law."

Section 2 applies to the sentence after a conviction of a sale of whisky, and sentence 3 is as follows:

"No justice of the peace or judge shall have authority to suspend said jail sentence."

We think the learned judge erred in that he imposed more than three months jail sentence on each of the defendants; and we think that he also erred in his order suspending as to each one-half the sentence. We therefore remand this cause to the circuit court of Forrest county, the defendants to be held under their bonds to

appear there at the next term of court for proper sentence.  Otherwise the cause is affirmed.

*Remanded for proper sentence; otherwise affirmed.*