## BRUMFIELD v. STATE.

In Banc. May 9, 1949.

(40 So. (2d) 268)

James A. Wiltshire, for appellant.

R. O. Arrington, Assistant Attorney General, for appellee.

Montgomery, J.

Brumfield was indicted by the grand jury of Pike County for the crime of burglary "with the felonious and burglarious intent of him, the said Defendant, to then and there commit some crime to the Grand Jurors unknown". There was a demurrer to the indictment, which was by the court overruled. There was a plea of nolo contendere and a conviction by the Jury. The lower court allowed an appeal to this Court, and the matter is now before us on appeal.

The crime of burglary consists of two essential elements, viz.: (1) The burglarious breaking and entering of the house, and (2) the felonious intent to commit some crime therein. Both elements must be laid in the indictment, and both must be proved as laid. And, an indictment charging the burglarious breaking and entering of a house, with intent to commit therein some crime to the grand jurors unknown, is fatally defective. State v. Buchanan, 75 Miss. 349, 22 So. 875.

This indictment does not advise the accused of the nature and character of the crime, or one of the essential elements of the crime, preferred against him. If the grand jury did not know what crime they were charging against the defendant, how could the defendant know the nature of the crime with which he is charged? In common fairness, every defendant charged with a high crime is entitled to know specifically and particularly what felony is laid to his charge.

That the indictment is fatally defective cannot be doubted in the light of authority. The demurrer is sus-

tained to the indictment. Let the cause be reversed, the indictment dismissed, and the prisoner held to await further action by the grand jury.

Reversed and remanded.