LEWIS *v.* STATE.

Division B.  Dec. 10, 1951.

No. 38155  (55 So. (2d) 475)

C. L. **Stockdale**, and **Bidwell Adam**, for appellant.

**Joe T. Patterson**, Assistant Attorney General, for appellee.

**Roberds, P. J.**

Appellant was convicted of burglary and sentenced to the state penitentiary for seven years. He raises two questions we deem sufficiently serious to discuss and decide. The first relates to the form and substance of the indictment. The second pertains to the admissibility of evidence.

As to the first question, no demurrer or motion was filed to the indictment and the failure to so raise the questions could properly dispose of them on this appeal. However, we will deal with them as raised.

The State obtained an instruction properly setting forth the essentials of burglary as to the breaking and entering and the intent, but the personal property, the object of the intent, was described as "money of the value of $50.00 or more, cigaretts and a pistol". This instruction is here attacked because the indictment, as appellant contends, did not "allege, charge or state the value of a single article alleged to have been stolen or

carried away''. There are two answers to the contention: ██ █ The first is that Section 2043, Mississippi Code 1942, prescribing the elements of burglary, does not require the indictment to state the value of the personal property intended to be stolen. Bone v. State, 207 Miss. 868, 43 So. (2d) 571. ██ █ The second reason the contention is not well taken is the fact that the indictment did allege the value of the money to be $80.00 and the proof shows that at least $50.00 of such money was actually stolen and carried away.

Appellant next raised a question as to the indictment by requesting a peremptory instruction he said should have been granted ''in view of the indictment''. That seems to be upon the idea the indictment was void. The indictment properly charged the crime of burglary.

██ █ Appellant, C. B. Jones and Jack Dunnigan were arrested for this crime. They were carried to the jail in Meridian, where they were required by the officers to deliver over such personal property as they had upon their person. On that occasion Dunnigan stated, according to the State's proof, that $50.00 of the money taken from him was the property of appellant. Objection was made to this and the trial judge heard considerable testimony in the absence of the jury. He finally admitted it. Appellant says that was reversible error. C. B. Jones had testified he saw appellant deliver to Dunnigan $50.00 of the stolen money at the time the parties divided it. In addition to this various witnesses testified that the statement by Jones was made in the presence of appellant and he did not deny the statements. Witnesses said the statements were made in ordinary tones and within four to six feet of appellant, and that, as a person of ordinary hearing, which it was shown appellant possessed, he was bound to have heard the accusation. The statements were competent. Thurmond v. State, Miss., 53 So. (2d) 44.

██ █ Proof was made that appellant, while in jail, had written a letter in which he said that he understood

that Jones "had squealed on him, and if he had it was going to be too bad for him". This was objected to on the ground the letter itself would have been the best evidence. However, it was shown that the letter had been destroyed and could not be produced. The oral testimony was then competent.

Some other asserted errors are mentioned but none are well taken. It might be added that the evidence overwhelmingly established the guilt of appellant.

Affirmed.

**Hall, J.**, took no part in the decision of this case.