FAUST *v.* STATE.

No. 39231 October 4, 1954 74 So. 2d 817

*F. W. Stratton,* Liberty, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was convicted in the Circuit Court of Amite County on an indictment charging him with the crime of burglary, and was sentenced to serve a term of seven years in the State penitentiary. From this judgment of conviction he prosecutes this appeal.

The indictment was drawn under Section 2043 of the Mississippi Code of 1942, which provides in its pertinent parts as follows: ''Every person who shall be convicted of breaking and entering in the day or night any shop, store . . . or other building . . . in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit or transportation, with intent to steal therein, or to commit any felony, . . . shall be guilty of burglary, and imprisoned in the state penitentiary not more than seven years.''

The State's proof showed substantially the following: On October 13, 1953, appellant was in jail in Amite County, held on a charge of the unlawful possession of liquor, in that he was charged with unlawfully having in his possession a bottle of wine, which the sheriff had seized and was holding in his office for evidence. On the afternoon of that day, the appellant was released on bond. Later that night, the sheriff received an anonymous telephone call informing him that he had better check the courthouse, that something might happen there. The sheriff requested the Town Marshal of Liberty to accompany him, and together they went to the courthouse. The marshal concealed himself in the sheriff's office and the sheriff waited on the outside. Shortly thereafter the appellant appeared on the scene and entered the courthouse. He tried the door of the sheriff's office, and failing to gain entrance there, he came out and after peering in several windows, he tore the screen and broke the glass of one of the windows in the sheriff's office and entered the office. The marshal fired his pistol and turned on the light and discovered the appellant with a Coca-Cola bottle which the appellant dropped on the floor. The appellant then jumped through the window and fled. The Coca-Cola bottle contained gasoline, and a wine bottle with gasoline in it was found on the ground outside of the window. Among other things of value which the sheriff had in his office at the time of its entry by the appellant were from $1,000 to $1,500, representing collections on the sale of automobile tags, a number of guns, and a quantity of contraband liquor. The officers apprehended the appellant about 3:30 o'clock in the morning and arrested him and his prosecution on the charge of burglary followed.

The appellant admitted breaking into the sheriff's office, but testified that his purpose in so doing was to take the bottle of wine and substitute gasoline for the contents thereof and thus destroy the evidence against

him on the liquor charge, and that he had been instigated, lured, and induced to do the same by Lonnie Banks, a trusty in the jail, who was acting in concert with the sheriff.

It is first assigned as error that the trial court erred in refusing the request of the appellant made at the outset of the trial to have the sheriff, a witness for the State, placed under the rule. The sheriff was called as the first witness for the State and was examined as to the facts within his knowledge. He was recalled during the course of the introduction of the State's proof. The action of the court in declining the appellant's request was with respect to a matter wholly within the discretion of the court and should not be disturbed in the absence of a showing that the court manifestly abused his discretion. Graham v. State, 195 Miss. 291, 15 So. 2d 478; Sartorious v. State, 24 Miss. 602. We are of the opinion that there was no abuse of the court's discretion resulting in prejudice to the appellant, and we are therefore not warranted in interfering with the court's action.

The appellant next contends that the court erred in denying his request for a directed verdict for the reason, first, that the proof is insufficient to show that the appellant entered the building with the felonious intent to steal property of a greater value than $25, and, second, that there is a fatal variance between the indictment and the proof as to the element of intent in that the indictment charges a felonious intent to steal and the proof shows an intent to take the bottle of wine, which was manifestly of a value less than $25, and, third, that the appellant was entrapped into the commission of the offense.

We are of the opinion that none of the grounds urged by the appellant are sufficient to warrant the granting of the requested directed verdict. The crime of burglary consists of two elements, namely: (1) the burglarious breaking and entering the house or building, and

(2) the felonious intent to steal therein or commit a felony. State v. Buchanan, 75 Miss. 349, 22 So. 875; Gross v. State, 191 Miss. 383, 2 So. 2d 818. It is not necessary under the statute to allege in the indictment the value of the property to be stolen. Bone v. State, 207 Miss. 868, 43 So. 2d 571; Lewis v. State, 212 Miss. 775, 55 So. 2d 475. It is, therefore, immaterial that the value of the property which the appellant intended to steal in burglariously breaking and entering the building was of less value than $25. It is manifest from the evidence that the appellant entered the building with the intent to steal something of value, and the jury was amply warranted in so inferring and finding from the evidence. Nichols v. State, 207 Miss. 291, 42 So. 2d 201. We accordingly find no insufficiency in the proof as to the element of intent and no fatal variance between the indictment and proof.

 Appellant urges, however, that he was instigated, induced, and lured into the commission of the crime by Lonnie Banks, acting in concert with the sheriff, and he seeks, therefore, to avail himself of the defense of entrapment. A sufficient answer to this argument is that appellant's testimony in this regard was contradicted by the sheriff and Banks, and the issue thus raised was for the determination of the jury. The jury determined the issue adversely to the appellant and was amply justified in so doing.

 The appellant further contends that the bottle of wine which he expected to take when he entered the building was his own property and that he was merely intending to retrieve it and that he cannot be held guilty of an intent to steal that which was his. We are unable to agree with this contention under the facts of this case. The proof shows that the bottle of wine had been seized by the sheriff and was in his lawful custody pending the outcome of the trial on a charge of the unlawful possession of liquor, and the sheriff was vested with a special

right thereto. It was, therefore, the subject of larceny by the appellant. In 32 Am. Jur., p. 955, it is said: ''If personal property in the possession of a person other than the general owner by virtue of some special right or title is taken from him by the general owner, the taking constitutes larceny if it is done with the felonious intent of depriving such person of his rights.''

■■ Finally, the appellant complains that the trial court erred in refusing to permit him to call Lonnie Banks as a hostile witness and propound leading questions to him and cross-examine him as a hostile witness. This was, of course, a matter for the exercise of the court's discretion. We find no abuse of this discretion and, in fact, we find no justification in the record in support of appellant's claim that Banks was a hostile witness. He was an adverse witness but the facts do not place him in the category of a hostile witness.

After a careful consideration of this case, we are of the opinion that the verdict of the jury is amply supported by the evidence and that the record is free from reversible error. The judgment of conviction is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.