205 So.2d 260 (1967)
Willie NEWBURN, Jr. (Alias Willie Newborn)
v.
STATE of Mississippi.
No. 44522.
Supreme Court of Mississippi.
December 11, 1967.
*262 H. Bernard Gautier, Pascagoula, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant, Willie Newman, was convicted at the October 1966 term of the Circuit Court of Jackson County, Mississippi of the charge of burglary under section 2036, Mississippi Code 1942 Annotated (1956), with the intent of committing the crime of violating the person of a child as defined by section 2052, Mississippi Code 1942 Annotated (Supp. 1966).
Appellant was sentenced to serve a term of twelve years in the state penitentiary. He has appealed from that sentence and the circuit court judgment. Appellant insists that he was entitled to a directed verdict of acquittal at the conclusion of the *263 testimony, or that he should have been granted a new trial, for the following reasons: (1) The State failed to prove the essential element of "breaking" required by the charge of burglary; (2) The State did not prove that the alleged breaking was done with the intent of committing the crime charged; (3) The evidence did not show that the alleged assault was done with the intent to gratify his sexual desire; (4) The proof did not show the age of the defendant; (5) Two instructions granted the State were erroneous; and (6) The indictment charged two offenses.
The prosecution and conviction of appellant resulted from the following facts and circumstances. Mr. and Mrs. Gregory Sholtes occupy a residence at 490 Lake Avenue in Pascagoula, Mississippi. They have two children, a little boy and a little girl. The girl, named Julie, is nine years old. On the night in question Julie occupied a room across the hall from the bathroom and across the hall from a room occupied by Mr. and Mrs. Sholtes. The light was on in the bathroom, and the door to her room and the door to her mother's room were open so that the bathroom light illuminated the room occupied by Julie. About three o'clock on the morning of April 28, 1966, Julie was awakened by dogs barking. She heard a door open and heard footsteps approaching her room from down the hall. A Negro man entered her room and went to her bed. The intruder put his hands on her mouth and tried to kiss her. He told her he wanted her "to come with him." Julie began to scream. Her mother heard the screams and ran to the child. As she came into the hall she saw the back of a man's head as he ran out of the house. Julie saw the intruder in the light of the bathroom, and was able to give her mother a good description of the man. She said that he was a colored man who had a mustache, and she described the clothes the man was wearing. Mrs. Sholtes could describe only the back of the individual's head. The police were notified, and a police car in the area went immediately to the Sholtes home. Another police patrol automobile approached the Sholtes home, and as it passed a street about eight blocks away, the officers noticed that the dogs in the area were barking. They observed the appellant running down the street, gave chase and apprehended him. They took him to the Sholtes home, where he was identified by Julie. The appellant was scratched and bleeding. He had briers in his skin, and his pants were torn in several places. The testimony shows that there was a barbed wire fence around a marsh adjacent to the Sholtes home.
The appellant contends that the State failed to prove the essential element of "breaking" required by section 2036, Mississippi Code 1942 Annotated (1956), since it was not shown exactly where the intruder entered the house and there was no physical evidence of a broken door or broken window. The testimony shows that all the outer doors were closed, and Julie testified that she heard a door open and heard the footsteps of the intruder as he came down the hall to her room. We are of the opinion that this is ample evidence to show the required element of "breaking" under the charge of burglary. We have repeatedly held that evidence of the slightest force necessary to open an entrance into a dwelling house is sufficient to satisfy the essential element of breaking under the charge of burglary of an inhabitant's dwelling. See Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965); 12 C.J.S. Burglary § 3b (1938).
The contention of the appellant that the indictment charges two crimes is not well taken, because the allegation of the second crime set forth in the indictment is (in this instance) an element of the crime of burglary. Section 2036, Mississippi Code 1942 Annotated (1956) requires that before the defendant can be convicted of felonious "breaking and entering" it must be shown that such "breaking and entering" was done "with intent to commit some crime therein." That crime must be named and described in the indictment. If the crime is a common law crime, it must be *264 described as a common law crime. If the crime is a statutory crime, it must be charged in the indictment as defined and set out in the statute. State v. Buchanan, 75 Miss. 349, 22 So. 875 (1897); Brumfield v. State, 206 Miss. 506, 40 So.2d 268 (1949); Faust v. State, 221 Miss. 668, 74 So.2d 817 (1954). The fact that an intruder not only "intended" to commit a named crime but actually did commit such a crime, makes the allegation in the indictment no less an element of the charge of burglary. Harris v. State, 61 Miss. 304 (1883); Roberts v. State, 55 Miss. 421 (1877).
Moreover, two crimes may be charged in a burglary indictment in a single count where, in fact, two crimes have been committed. Brown v. State, 103 Miss. 664, 60 So. 727 (1912); Roberts v. State, 55 Miss. 421 (1877); Harris v. State, 61 Miss. 304 (1883); Smith v. State, 57 Miss. 822 (1880). If, however, burglary and larceny are charged in one count in an indictment as two distinct crimes, the crime of larceny is merged in burglary in the sense that the accused, if found guilty, can be sentenced for burglary though not for larceny; but if acquitted of burglary, he may be convicted and sentenced for the larceny. Miss.Code 1942 Ann. § 2523 (1956). This seems to be the general rule. Parker v. People, 13 Colo. 155, 21 P. 1120, 4 L.R.A. 803 (1889); Brees v. State, 12 Ohio St. 146, 80 Am.Dec. 340 (1861); 9 Am.Jur. Burglary § 53 (1937).
The appellant also contends that the indictment did not adequately charge an intent to commit a felony. He points out that section 2036, Mississippi Code 1942 Annotated (1956) is in fact declaratory of the common law and requires that the State must show that the intruder intended to commit a "felony" in the dwelling, because  it is said  the common law requires such proof, and the word "crime" set out in the statute means a "felony."
This question has not been presented to this Court before, as far as we have been able to discover, but it has been presented to other state supreme courts under similar statutes. In State v. Snowden, 174 La. 156, 140 So. 9 (1932), the defendant argued on appeal that in the prosecution for burglary it is essential to show that the crime intended to be committed within the building was a felony. The court said, however:
"The language of the statute virtually answers defendant's argument. The statute not only enumerates certain crimes which must be alleged and shown, that an offender entered with the intent to commit, but also by using the words `or any other crime' after the offenses specifically mentioned, it makes the breaking and entering to commit any crime whatever a criminal offense. And this is so whether the crime an offender intends to commit is a felony or a misdemeanor  a criminal offense being an offense against the state, including both felonies and misdemeanors." (140 So. at 11.)
The Supreme Court of Iowa had before it a similar case, State v. Corliss, 85 Iowa 18, 51 N.W. 1154 (1892), under a state statute making it a burglary offense to unlawfully break and enter with the intent to commit "any public offense." The court held that the wrongful breaking and entering for the purpose of committing adultery was burglary, because a state statute made the crime of adultery an indictable offense.
Section 2036, Mississippi Code 1942 Annotated (1956) establishes burglary of a dwelling house as "breaking and entering, in the day or night, the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some crime therein * * *."
Section 674, Mississippi Code 1942 Annotated (1956) is in the following words: "The term `crime,' when used in any statute, shall mean any violation of law liable to punishment by criminal prosecution."
In the case of Lewis v. State, 85 Miss. 35, 37 So. 497 (1904), this Court held that the word "crime" as now set forth in section *265 674, Mississippi Code 1942 Annotated (1956) includes a misdemeanor as well as a felony.
We are of the opinion, and so hold, that the words set out in section 2036, Mississippi Code 1942 Annotated (1956), "with intent to commit some crime therein," include a misdemeanor as well as a felony.
The appellant contends that the instructions in this case were confusing and erroneous, but after a careful reading of these instructions we find no fault with them.
Appellant contends that the State failed to prove that at the moment of entry the defendant intended to commit an assault upon Julie Sholtes or "intended to engage in any sort of sexual adventure." The State seldom has direct and positive testimony expressly showing the specific intent of an intruder at the time he unlawfully breaks into a dwelling house; however, such testimony is not essential to establish the intent to commit a crime. Intent is an emotional operation of the mind, and is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time. Defendant's intention is manifested largely by the things he does.
It has been said that:
"Intent is a state of mind existing at the time a person commits an offense. If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct, and inferences fairly deducible from all the circumstances." (13 Am.Jur.2d Burglary § 52 (1964))
The case of Thames v. State, 221 Miss. 573, 73 So.2d 134 (1954), involves the alleged felonious breaking and entering of a dwelling in the nighttime where a female was sleeping. The defendant appealed from a conviction and sentence, and on appeal in that case this Court said:
"Here the felonious breaking and entering is evidence of some unlawful purpose. The criminal intent (in that case) is clear. The specific intent to ravish is consistent with the proven facts and is reasonably inferable." (221 Miss. at 578, 73 So.2d at 136)
See also Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965).
The argument that the State failed to prove that the "touching" was done, with the necessary intent which is required by the statute, is not well taken. What other reason can be given for acts done by the defendant except that they were done for the purpose of gratifying his lust, indulging his depraved licentious sexual desire?
This Court has repeatedly pointed out that the crime of burglary consists of two essential elements, namely, (1) the burglarious breaking and entering of the house or building described in the statute, and (2) the felonious intent to "commit some crime therein." The last element, of course, depends upon the statute under which the indictment is brought as to what crime is intended. See the cases set forth in Faust v. State, 221 Miss. 668, 74 So.2d 817 (1954). The textwriter in 13 Am.Jur.2d Burglary § 36 (1964) points out that in charging burglary:
"The rule is well established, however, that even though in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient for the indictment to use these general words; the particular felony intended must be specified. The allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of that felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson."
*266 In Mississippi, we have adopted the rule requiring the state to set out the elements of the intended crime for the purpose of identifying the crime "intended" to have been committed. Draughn v. State, 76 Miss. 574, 25 So. 153 (1899); Rogers v. State, 222 Miss. 690, 76 So.2d 831 (1955); Irby v. State, 4 So.2d 881 (1941).
The rule requiring the State to set out the elements of the crime "intended" to have been committed for the purpose of identifying the crime with certainty, does not mean, however, that the State is required to prove each element of the "intended crime" with the same particularity as is required when a defendant is charged only with the crime intended. Fondren v. State, 253 Miss. 241, 175 So.2d 633 (1965); Brown v. State, 72 Miss. 990, 18 So. 431 (1895); James v. State, 77 Miss. 370, 26 So. 929 (1900). We said in Brumfield v. State, 206 Miss. 506, 40 So.2d 268 (1949), that the crime of burglary consists of two elements, and that "both elements must be laid in the indictment, and both must be proved as laid," but again this does not mean that the "intended crime" must be proved in every particular; for example, it is not necessary to prove the ownership of the property stolen where it is shown property was stolen. Register v. State, 237 Miss. 14, 112 So.2d 523 (1959); James v. State, supra; Brown v. State, 72 Miss. 990, 18 So. 431 (1895); Thames v. State, 221 Miss. 573, 73 So.2d 134 (1954) (rape). Moreover, we are of the opinion that the testimony is ample to show that the crime intended as laid in the indictment was sufficiently established. Thames v. State, supra.
The appellant asserts that the evidence did not show that the defendant was above the age of eighteen as an affirmative fact, and that since the crime alleged to have been intended required proof that the defendant was "then and there a male person above the age of eighteen years of age," the failure to make such proof is fatal and should result in the reversal of the instant case. We cannot agree with this argument for two reasons: (1) The record in this case is replete with expressions such as, "I could tell he was a man." The jury saw the defendant in the courtroom and we are of the opinion the record shows that the defendant is a man. The term "man" is a term usually used to designate a male person 21 years of age. Hartsell v. State, 55 Tex.Cr.App. 389, 116 S.W. 1159 (1909); White v. State, 68 Tex.Cr.R. 147, 151 S.W. 826 (1912); Valdez v. State, 156 Tex.Cr.R. 192, 240 S.W.2d 320 (1951). (2) We hold that it is not necessary to prove the age of the defendant when he is in court before the jury and it is not an essential element in the crime of burglary in this case.
We do not ordinarily take notice of errors appearing in the record when they have not been assigned as errors and argued by the parties in their briefs. This is especially true when the errors have not been objected to in the trial court. We reserve the right, however, to take notice of harmful errors appearing in the record, and on our motion, when justice requires us to do so, correct such errors in order to preserve and insure a fair trial. See Miss. Rule 6(b).
In the instant case it is apparent that the defendant has been sentenced to serve a longer term in the penitentiary than the statute permits. The defendant was indicted and tried for burglary of a dwelling house. We have several sections on burglary in Mississippi Code 1942 Annotated (1956) dealing with the crime of burglary of a dwelling house. Sections 2036 and 2038 deal with the crime of breaking and entering a dwelling house in the daytime or night. The first section makes it a crime to break and enter "the dwelling house of another, in which there shall be, at the time, some human being." Section 2038, Mississippi Code 1942 Annotated (1956) does not require that there shall be someone in the dwelling house at the time. The first section above mentioned (section 2036) requires the court to sentence the defendant to a term of "not less than seven years nor *267 more than fifteen years" in the state penitentiary. The other section (section 2038) permits the court to sentence the convict to serve a term of "not more than ten years."
The indictment in the instant case does not allege that there was some human being in the dwelling house at the time, as is required by section 2036 of the Code. The second part of the indictment does allege that the crime intended to be committed in the dwelling house was an assault upon another, but this is not sufficient. The indictment charges the crime of burglary under section 2038, but not under section 2036. The convict was sentenced to serve a term of twelve years in the state penitentiary, and this is two years more than is permitted under section 2038. What, then, should be done with this case?
This Court has heretofore pursued two methods of procedure. In the case of Barton v. State, 94 Miss. 375, 47 So. 521 (1908), where the defendant was indicted under a section of the Code which required the jury to fix the punishment, the jury returned a general verdict of guilty, and this Court remanded the case, and said: "The defendant will be held to answer such proper indictment as may be presented against him."
This procedure was also followed in Howie v. State, 121 Miss. 508, 83 So. 675 (1920); King v. State, 137 Miss. 751, 102 So. 840 (1925); and Haynes v. State, 22 So. 871 (Miss. 1898), where the convicts were held for re-sentencing.
The procedure ordinarily used by the court where the jury is not required to fix the punishment is set out in Bradshaw v. State, 192 So.2d 387 (Miss. 1966), where the Court said: "Hence that part of the sentence is deleted as surplusage." The Court then modified the sentence to serve the period required by the statute. See also Thompson v. State, 153 Miss. 593, 121 So. 275 (1929); Williams v. City of Louisville, 153 Miss. 48, 120 So. 571 (1929); Keel v. State, 133 Miss. 160, 97 So. 521 (1923); Oliver v. State, 6 Miss. (5 How.) 14 (1840). We are of the opinion that the latter procedure should be followed in the instant case; therefore, judgment and sentence entered in the trial court will be affirmed, except that judgment shall provide that the convict shall not serve a term of more than ten years as provided by section 2038, Mississippi Code 1942 Annotated (1956).
This case is affirmed in all respects, except that the sentence of twelve years is reduced to a term of ten years in the Mississippi State Penitentiary, in compliance with section 2038, Mississippi Code 1942 Annotated (1956).
Affirmed with modification of sentence.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.