The appellant was indicted, tried and convicted for the crime of murder in Harrison County, Mississippi, by the Circuit Court of Harrison County. He was sentenced to life imprisonment in the state penitentiary. From this judgment and sentence of the trial court he has appealed to this Court.
He now contends that he did not get a fair trial in the circuit court, and that this Court should grant him a new trial for the reasons hereafter set forth.
It is first contended that the trial court committed reversible error in failing to grant the appellant a change of venue to another county away from Harrison County, because of the alleged prejudice engendered by the notoriety and animosity caused by the alleged crime.
We find no merit in this complaint for several reasons. First, the defendant offered no sworn evidence to support his motion for a change of venue as is required by Mississippi Code Annotated Section 99-15-35 (1972).[1] See Fabian v. *Page 788 State, 267 So.2d 294 (Miss. 1972); Thompson v. State,231 Miss. 624, 97 So.2d 227 (1957). Second, if the defendant had offered proof on his motion, the state would very likely have offered evidence to the contrary. In any event, however, the issue was within the sound discretion of the trial judge. Myersv. State, 268 So.2d 353 (Miss. 1972); Parks v. State,267 So.2d 302 (Miss. 1972); Slyter v. State, 246 Miss. 402,149 So.2d 489 (1963). There is nothing in the record in this case to show that the trial judge abused his discretion.
It is next contended that the trial judge erred in refusing to consolidate "all three victims since the court allowed testimony and evidence of the other victims to be given at the trial of the third victim." Apparently, the appellant means that the three cases for the death of three persons should have been consolidated into one charge of murder since all of these people were murdered the same date by the same person.
In the case of Ford v. State, 226 So.2d 378, 381 (Miss. 1969), we recognized the rule that criminal cases could be consolidated "`when a single unlawful act results in the killing of more than one person, each homicide constitutes a separate offense . . .'" and said that it was within the sound discretion of the trial judge as to whether or not he would consolidate them on the motion of the defendant.
It is true that one may be indicted for a double murder in one count of an indictment where the homicides were the result of one single act [Wilkinson v. State, 77 Miss. 705, 27 So. 639 (1900)], but one act does not mean separate homicides occurring by different acts. The killing of three persons one after the other could not have been consolidated into one charge without violating the rule that a defendant can only be charged and tried for one crime at a time. 27 Am.Jur. Indictments and Information
§ 124, at 683 (1940).
The appellant contends that it was reversible error for the state to show pictures and evidence of other persons murdered at the time the defendant was charged with having killed a named victim. The general rule is, of course, that evidence of other crimes is not admissible on the trial of a defendant for a specific charge laid in the indictment. There are, however, numerous exceptions to this rule, one of which is that such crimes are admissible in evidence against the accused where they are a part of the res gestae. Other exceptions are enumerated inBrooks v. State, 242 So.2d 865 (Miss. 1971).
In the instant case, the murdered victims were scattered about on the floor within a few feet of each other, their blood was spattered on the floor and walls — all of which was obviously a part of the res gestae, and such evidence was admissible in the trial.
The contention of the appellant that one of the state's witnesses was in the courtroom during the trial after the rule had been invoked, and that this constituted a reversible error, is not well taken because this is a procedural matter, the enforcement of which is within the sound discretion of the trial judge. Cannon v. State, 190 So.2d 848 (Miss. 1966); Fondren v.State, 253 Miss. 241, 175 So.2d 628 (1965); Stokes v. State,240 Miss. 453, 128 So.2d 341 (1961); Triplett v. State,230 Miss. 707, 93 So.2d 654 (1957); Faust v. State, 221 Miss. 668,74 So.2d 817 (1954); Wallace v. State, 203 Miss. 504,35 So.2d 703 (1948); Crockerham v. State, 202 Miss. 25, 30 So.2d 417
(1947); Thomas v. State, 103 Miss. 800, 60 So. 781 (1912);Taylor v. State, 30 So. 657 (Miss. 1901).
The trial court did not abuse its discretion under the facts shown in this case.
The appellant contends that the colored pictures of the scene of the crime and the bloody condition of the victims were prejudicial as to the defendant and prevented him from receiving a fair trial. *Page 789 
We said in the case of May v. State, 199 So.2d 635 (Miss. 1967), that the fact that pictures of a homicide victim might arouse the emotions of the jurors does not of itself render them incompetent in evidence, provided, of course, they serve a legitimate evidentiary purpose. We have from time to time reiterated this rule [Ford v. State, 227 So.2d 454 (Miss. 1969)]. The mere fact that the pictures in this case showed a scene of horror did not prevent them from being of value as evidence.
The facts in this case portray one of the most horrible, deliberate, callous butcheries the writer of this opinion has been required to examine during a long career of observing criminal cases.
There is no reversible error in the record of this case, and it is, therefore, affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.
[1] "On satisfactory showing, in writing, sworn to by the prisoner, made to the court, or to the judge thereof in vacation, supported by the affidavits of two or more credible persons, that, by reason of prejudgment of the case, or grudge or ill will to the defendant in the public mind, he cannot have a fair and impartial trial in the county where the offense is charged to have been committed, the circuit court, or the judge thereof in vacation, may change the venue in any criminal case to a convenient county, upon such terms, as to the costs in the case, as may be proper." Miss. Code Ann. § 99-15-35 (1972).