SUGG, Presiding Justice,
for the Court:
Appellant was sentenced by the Circuit Court of Lauderdale County to serve a term of 12 years in the Mississippi Department of Corrections for the crime of burglary. Appellant has filed six assignments of error. We have carefully considered all six but conclude that only one presents a question of law not previously decided by this Court. Discussion of the other five would not benefit the bench and bar but would unduly lengthen this opinion. We will consider the question of the effect of the failure of the trial court to define the word night as used in the burglary statutes for the guidance of the jury.
*679 Appellant was indicted for burglary under section 97-17-23 Mississippi Code Annotated (1972) which follows:
Every person who shall be convicted of breaking and entering, in the night, the dwelling house of another, armed with a deadly weapon, in which there shall be at the time some human being, with intent to commit some crime therein, shall be punished by imprisonment in the penitentiary not more than twenty-five years.
One of the elements of the crime of burglary under this statute is that the breaking and entering must have occurred during the night. Neither this burglary statute nor any of the other burglary statutes define night.[1] In the absence of a statutory definition of night in the statute, the common law definition of night applies. At common law, night is that period between sunset of one day and sunrise of the next day during which there is not enough daylight or twilight to discern a man’s face. Judge Grant in his Summary of Mississippi Law, section 616 at 435 (1969) addressed this question.
Some burglary statutes, like our No. 2037 Code 1942 (entering inhabited dwelling armed with a deadly weapon), provide that the breaking and entering be done “in the night.” This is not confined to the exact period between sunset and sunrise. As laid down by Blackstone, the rule was: “If there be daylight or erepus-eulum enough, begun or left, to discern a man’s face withal (thereby), it is not burglary. But this does not extend to moonlight.” Crepusculum is Latin for crepus-cle which means creeping darkness; twilight; dusk. Twilight (the light between) is sunlight scattered by the atmosphere and its dust. The darker part of twilight is known as dusk. In 82 A.L.R.2d 643 et seq., there is an annotation entitled “Sufficiency of showing that burglary was committed at night.”
See also, Thomas v. State, 6 Miss. 20 (1840); 12A C.J.S. Burglary section 26; 13 Am.Jur.2d Burglary, section 22.
Appellant requested the following instruction which was refused.
The Court instructs the jury that night, within the definition of burglary, is a period between sunset and sunrise during where there is not daylight enough to discern a person’s face. You are further instructed that if you believe from the evidence that the alleged offense did not occur at night as defined in this instruction, then your verdict must be “Not Guilty.”
The only instruction given by the court which remotely related to a definition of nighttime was the following:
The court instructs the jury that on October 15,1980, sunrise was between the time of 6:55 A.M. and 7:01 A.M.
The jury was not given any instruction which defined night, but the jury should have been so instructed because one of the essential elements of the crime with which appellant was charged was breaking and entering in the night.
Appellant argues that his conviction should be reversed for the failure of any of the instructions to define night. We do not agree because the indictment and proof were sufficient to charge and support the conviction of appellant for burglary as defined by section 97-17-21 Mississippi Code Annotated (1972).[2]
A similar situation arose in Newburn v. State, 205 So.2d 260 (Miss.1967), where Newburn was sentenced under section 2036 *680 Mississippi Code 1942 Annotated (1956)[3] to serve 12 years. The court stated that the indictment did not charge that a human being was in the dwelling house as required by section 2036, but noted that the indictment was sufficient to charge the crime of burglary under section 2038 Mississippi Code 1942 Annotated (1956).[4] The punishment permitted under section 2036 was not less than 7 years nor more than 15 years and under section 2038 not more than 10 years. The Newbum court affirmed but reduced the sentence of 12 years to a term of 10 years, the maximum allowed under section 2038.
The maximum penalty under section 97-17-23 is imprisonment for a term not more than 25 years, while the penalty authorized by section 97-17-21 is not less than 7 years nor more than 15 years.
Appellant in this case was sentenced to serve a term of 12 years and although the sentence is within that permitted by section 97-17-21, we remand for a new sentence because the sentencing judge may impose a sentence of less than 12 years.
We affirm the conviction and remand for sentencing under section 97-17-21.
AFFIRMED AND REMANDED FOR PROPER SENTENCE.
PATTERSON, C. J., SMITH, P. J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.

. Some statutes define night as it applies to other crimes. See sections 49-7-59, 49-15-41, 63-7-11, 77-9-221, 97-17-23, and 97-23-9 Mississippi Code Annotated (1972).

. Every person who shall be convicted of breaking and entering, in the day or night, the dwelling house of another, in which there shall be, at the time, some human being, with intent to commit some crime therein, either by forcibly bursting or breaking the wall, or an outer door, window or shutter, of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter, or by breaking in in any other manner, or with the assistance of one or more confederates, then present and assisting, or by unlocking an outer door by means of false keys, or by picking the lock thereof, shall be guilty of burglary, and imprisoned in the penitentiary not less than seven years nor more than fifteen years.

. Section 97-17-21 Mississippi Code Annotated (1972).

. Section 97-17-19 Mississippi Code Annotated (1972).