MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. On August 19, 2009, a jury in the Grenada County Circuit Court found Hudson Edgett guilty of attempted burglary of a dwelling. Edgett appeals claiming the State offered insufficient evidence that he intended to commit the underlying crime of rape had his entry into the victim’s house not been prevented. Considering the evidence in the light most favorable to the State, we find the jury was free to reasonably infer that Edgett’s repeated attempts to break into the victim’s home coupled with his pointed declarations about what he wanted to do to her — obviously without her consent — sufficiently evidenced his intent to rape her. Finding no error, we affirm his conviction and sentence.
 

 FACTS
 

 ¶ 2. On April 5, 2008, at approximately 9:30 p.m., Edgett rang the doorbell of his neighbor’s house. When Linda Townes answered her door, Edgett told her: “I want you.” Townes neither welcomed nor
 
 *543
 
 succumbed to Edgett’s advances. Instead, she told Edgett to get away from her door and leave. At this point, Edgett grabbed at Townes’s arm and struggled to force open her door. Edgett told her: ‘"You know I want you; I want to f* *k you. You know I want you.” Edgett tried to grab at her hand and get his knee in the door, and the two “tussled” until Townes was able to push Edgett away and lock the storm door. Townes explained, “when [Edgett] tried to get his knee through the door, that’s when I was able enough to get, you know, to push him back.” Townes told Edgett to get out of the yard and leave her alone. And she locked her inner wooden door and dialed 911.
 

 ¶ B. Edgett left, but he returned twice while Townes was on the phone with a 911 dispatcher. The first time, Edgett continuously rang the doorbell, shook the door, and “hollered” for her to let him in. After briefly leaving again, Edgett once more returned to Townes’s house. This time when he approached, Townes heard him at her side window. Townes testified that she was “hysterical” and told the dispatcher that Edgett was at her window. She asked the dispatcher to hurry and send a police officer.
 

 ¶ 4. Grenada Police Officer Charles Ellis responded with his blue lights flashing and saw Edgett walking away from Townes’s yard. Townes claimed that the following day she discovered a bent window screen where she had seen and heard Edgett the night before. The State offered photographs of the damaged screen, and Townes testified it had not been tampered with prior to Edgett’s April 5th attempts to enter her home.
 

 ¶ 5. Following the close of the State’s case, Edgett sought a directed verdict. Edgett argued the State provided insufficient evidence that he intended to rape Townes, had he been successful in breaking into her home. The circuit judge denied Edgett’s motion, and the defense rested without calling any witnesses. Ed-gett requested and was granted an instruction on the lesser offense of trespass. The jury found Edgett guilty of attempted burglary of a dwelling. And based on Ed-gett’s, at least, four prior felony convictions, the circuit judge sentenced Edgett as a habitual offender to twenty-five years’ imprisonment. The circuit judge later denied Edgett’s motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial.
 

 DISCUSSION
 

 I. Sufficiency of the Evidence
 

 ¶ 6. Edgett contends his attempted burglary conviction should be reversed because the State offered insufficient proof that he had intended to commit a crime if he had been successful in entering Townes’s home. When addressing the legal sufficiency of evidence, we consider all evidence in a light most favorable to the State.
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005). Credible evidence consistent with guilt must be accepted as true. We are instructed to give the State the benefit of all favorable inferences reasonably drawn from the evidence.
 
 Jones v. State,
 
 20 So.3d 57, 64 (¶ 16) (Miss.Ct.App.2009) (citing
 
 Hughes v. State,
 
 983 So.2d 270, 275-76 (¶¶ 10-11) (Miss.2008)). And the jury resolves matters of weight and credibility. Reversal is proper when reasonable and fair-minded jurors could only find the accused not guilty.
 
 Id.
 

 A. Attempted Burglary
 

 ¶ 7. The crime of burglary of a dwelling has two essential elements: (1) an “unlawful breaking and entering” and (2) “the intent to commit some crime once entry has been gained.”
 
 Winston v. State,
 
 
 *544
 
 479 So.2d 1093, 1095 (Miss.1985);
 
 see also Moore v. State,
 
 344 So.2d 731, 735 (Miss.1977);
 
 Thames v. State,
 
 221 Miss. 573, 577, 73 So.2d 134, 136 (1954);
 
 Brumfield v. State,
 
 206 Miss. 506, 507, 40 So.2d 268 (1949). To prove an attempted burglary, the State must show: (1) an attempt to commit burglary, (2) a direct effectual act done toward its commission, and (3) the failure to consummate the crime.
 
 See McGowan v. State,
 
 541 So.2d 1027, 1030 (Miss.1989) (interpreting Miss.Code Ann. § 97-1-7 (1972)). As to the first two elements, the State need only show the defendant’s intent to commit a burglary plus a slight act toward its commission.
 
 Ford v. State,
 
 218 So.2d 731, 732 (Miss.1969). To satisfy the third element, the State must show the prevention or frustration of the crime resulted from extraneous causes.
 
 West v. State,
 
 437 So.2d 1212, 1214 (Miss.1983);
 
 Bucklew v. State,
 
 206 So.2d 200, 202 (Miss.1968).
 

 ¶ 8. Edgett doe's not challenge the legal sufficiency of the State’s proof that he attempted to forcefully enter Townes’s home through her door and window. Nor does he seriously contest that his efforts were thwarted by Townes and later the police. Edgett’s challenge instead focuses on the State’s allegation that had he succeeded in gaining entry to Townes’s home, he intended to rape her.
 

 B. Intent to Commit a Crime
 

 ¶ 9. Edgett claims the trial court should have directed a defense verdict at the close of the State’s case based on the insufficiency of the evidence supporting his intent to rape. “Because the offense of burglary itself requires an underlying crime, an indictment for burglary that does not specify what crime the accused intended to commit is fatally defective.”
 
 Lambert v. State,
 
 462 So.2d 308, 311 (Miss.1984). We find the same rationale applies to a charge of attempted burglary. Here, the State alleged that Edgett intended to commit the crime of rape; thus, the crime intended is specifically stated. We also note the overt acts in furtherance of the alleged attempted burglary were sufficiently pled in a heavily fact-laden indictment, which charged:
 

 on or about April 5, 2008 ... [Edgett], did willfully, unlawfully and feloniously attempt to break and enter the dwelling house of Linda Townes ... by trying to force his way into the house against her will and trying to remove a screen from a window to effect entry, with the willful, unlawful, and felonious intent to rape the said Linda Townes, but was prevented from committing said burglary by the arrival of a police officer....
 

 In considering whether the State offered sufficient evidence of Edgett’s intent to rape, we are mindful that “[t]he issue of felonious intent is one of fact, and therefore falls within the exclusive province of the jury.”
 
 Croft v. State,
 
 992 So.2d 1151, 1158 (¶ 28) (Miss.2008). This long-held premise is thoroughly addressed in
 
 Newburn v. State,
 
 205 So.2d 260 (Miss.1967).
 
 Newbum
 
 concerns a burglary prosecution stemming from the entry of an older man into a nine-year-old child’s bedroom. The intruder in
 
 Newbum
 
 placed his hands on the young girl’s mouth and tried to kiss her. He also told her “he wanted her ‘to come with him.’ ”
 
 Id.
 
 at 263.
 

 ¶ 10. After being convicted of burglary, the defendant claimed these facts were insufficient to show that at the time he entered the dwelling, he intended to gratify his sexual desire as necessary to support the underlying crime of violating the person of a child. The supreme court disagreed and affirmed the burglary conviction. The court acknowledged that: “The State seldom has direct and positive
 
 *545
 
 testimony expressly showing the specific intent of an intruder at the time he unlawfully breaks into a dwelling house; however, such testimony is not essential to establish the intent to commit a crime.”
 
 Id.
 
 at 265. The court reasoned that if intent always required definite and substantive proof, without facts disclosing a culmination of the intent, it would be almost impossible for juries to render guilty verdicts.
 
 Id.
 
 The
 
 Newbum
 
 court further explained that: “The mind of an alleged offender ... may be read from his acts, conduct, and inferences fairly deducible from all the circumstances.”
 
 Id.
 
 (quoting 13 Am.Jur.2d
 
 Burglary
 
 § 52 (1964)). While we note that
 
 Newbum
 
 concerned general burglary, we find its intent analysis applicable to the intent requirements underlying attempted burglary as well.
 

 ¶ 11. When viewing the evidence in a light most favorable to the State, we find Townes obviously rejected Edgett’s advances and had no interest in having consensual sex with him. As
 
 Newbum
 
 instructs, “[ijntent ... is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time.”
 
 Id.
 
 at 265. And here, Edgett made his intentions quite clear. He told Townes, “I want you; I want to f* *k you. You know I want you.” The record shows the two struggled in the doorway and that Edgett grabbed Townes’s arm and tried to force open her door with his knee. His efforts were frustrated when Townes succeeded in pushing Edgett away.
 

 ¶ 12. Had Edgett retreated at this moment and abandoned his attempt to break into Townes’s home, our analysis might differ. But he quickly returned while Townes was on the telephone with a dispatcher and apparently began removing the window screen, which the jury could have reasonably inferred was done to further his attempt to break into her house.
 

 ¶ 13. Given these inferences favorable to the State, we find Edgett’s explicit declarations about what he wanted to do to Townes — obviously without her consent— coupled with his varied attempts to break into her house sufficiently evidenced his intent to rape her, had he gained entry to her home. Accordingly, this argument is without merit.
 

 II. Weight of the Evidence
 

 ¶ 14. Edgett recasts his sufficiency argument this time to support his claim that the verdict is against the overwhelming weight of the evidence. When reviewing a denial of a motion for a new trial based on the weight of the evidence, we weigh the evidence in the light most favorable to the verdict.
 
 Bush,
 
 895 So.2d at 844 (¶ 18). We will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.
 
 Id.
 
 at 844-45 (¶ 19).
 

 ¶ 15. Viewing the evidence in the light most favorable to the guilty verdict, we find the testimony and physical evidence show Edgett tried to gain unlawful access to Townes’s home. He also declared what he wanted to do had his attempts not been frustrated. In light of Edgett’s conduct and statements, we find allowing the jury’s verdict to stand does not sanction an unconscionable injustice.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTION OF ATTEMPTED BURGLARY OF A DWELLING AND SENTENCE AS A HABITUAL OFFENDER OF TWEN
 
 *546
 
 TY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.