340 So.2d 438 (1976)
Abraham HOLLINS
v.
STATE of Mississippi.
No. 49393.
Supreme Court of Mississippi.
December 14, 1976.
Wilkins, Ellington, Latham & James, Samuel H. Wilkins, Jackson, for appellant.
A.F. Summer, Atty. Gen. by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, ROBERTSON and WALKER, JJ.
*439 INZER, Presiding Justice:
Abraham Hollins was indicted, tried and convicted in the Circuit Court of Holmes County, Mississippi, for the murder of Mary *440 Alice Cosby, his girlfriend's mother. He was sentenced to serve a life term in the Mississippi State Penitentiary from which he appeals. We affirm.
The principal facts reflected by the record are that on April 9, 1975, after a heated argument over the telephone with Mary Alice Cosby, appellant drove to her home where he shot and killed Mrs. Cosby with a shotgun. Shortly after the shooting incident, Hollins was apprehended by Yazoo and Holmes County officers. After he was transported to the Holmes County Courthouse, appellant gave a statement to the sheriff confessing to the murder of the deceased.
Several questions are raised on this appeal. Appellant assigns as error the failure of the trial court to direct a verdict for him or to grant a new trial on the ground that the state failed to prove appellant's sanity beyond a reasonable doubt and failed to rebut appellant's proof that he was temporarily insane at the time of the incident. We find this assignment to be without merit.
The record in this case reveals that prior to trial on the merits, the court sustained a motion made by appellant's counsel that appellant be sent to the Mississippi State Hospital at Whitfield for a mental examination. However, before being sent to Whitfield, appellant filed a motion asking that the order be set aside and that the court direct appellant to be examined by Dr. David E. Cox, a psychologist. This motion was sustained and the sheriff was directed to transport appellant to Jackson to the office of Dr. Cox for examination. This was done. Dr. Cox gave appellant certain tests and reached the conclusion from his examination that appellant was temporarily insane at the time he shot Mrs. Cosby. Dr. Cox testified that in his opinion appellant was suffering from "dissociative personality disturbance, a dissociative reaction which is a form of conversion hysteria ... in other words, he is not competent sometimes to manage his own behavior." It was his opinion based on the facts in evidence and his examination that at the time of the incident the defendant was in a state of "fugue", which is like sleepwalking, and he did not have conscious control of his actions. He said he did not think the defendant knew the nature and quality of his act and could not distinguish right from wrong when he shot Mrs. Cosby.
The court, over the objection of the defendant, allowed Dr. Charlton S. Stanley, a staff psychologist at Mississippi State Hospital, to remain in the courtroom during the trial and hear the witnesses testify and observe the defendant during the course of the trial. Dr. Stanley testified that dissociative reaction described by Dr. Cox is a neurosis rather than a psychosis. Dr. Stanley also said that in his opinion a person suffering from the two diagnoses rendered by Dr. Cox would know the difference between right and wrong. On cross examination Dr. Stanley admitted that Dr. Cox would be in a better position to give an opinion than he would because he had never examined the defendant.
There was other conflicting evidence relative to the actions and appearance of appellant on the day in question. Appellant did not testify in his own behalf.
The general rule as stated in Smith v. State, 245 So.2d 583 (Miss. 1971), is that a jury may disregard the conclusion of the defendant's expert witness and accept the testimony of the state's witnesses, both lay and expert, that a defendant is sane. The record clearly reveals that there was sufficient evidence under the given facts to submit the issue of appellant's sanity to the jury and the verdict of the jury is not against the overwhelming weight of the evidence. Blackwell v. State, 257 So.2d 855 (Miss. 1972), Section 99-13-7, Mississippi Code 1972 Annotated.
Appellant urges that the trial court should have excluded the statement given by him for the reason that he was still temporarily insane at the time he made the statement and as a result he could not voluntarily, knowingly and intelligently waive his rights as required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 *441 L.Ed.2d 694 (1966). Cited in support of this contention is Harvey v. State, 207 So.2d 108 (Miss. 1968), in which we stated the general rule that the confession of an insane person cannot be admitted in evidence because he cannot waive his constitutional rights against self incrimination. However, in Harvey we further stated:
However, it has been pointed out by the various courts that manifestly the will of a person who is of weak intellect or mentally deficient may be more easily overcome than that of one who is more intelligent; still, until it is shown that a weakminded person has been overreached to the end that he has divulged that which he would not have divulged had he not been overreached, his voluntary confession is admissible. 20 Am.Jur. Evidence § 522 (1939). (Emphasis added). (207 So.2d at 116).
Additionally, an evidentiary hearing on the motion to suppress was had prior to trial on the merits at which time appellant offered no testimony in support of this motion. The lower court correctly ruled that the confession obtained and the statement made was knowingly and willingly given, that the defendant was fully apprised of his rights, that he understood these rights, and that he appeared and acted in a normal manner.
It is also contended that appellant was highly prejudiced by the conduct of the prosecutor during cross examination of the defense expert. However, after a review of the record, we find no merit in this assignment and adhere to the rule that counsel should enjoy considerable latitude during cross examination. Boyce v. State, 231 Miss. 847, 97 So.2d 222 (Miss. 1957).
Appellant urges that the trial court erred in allowing witnesses to testify in rebuttal in violation of the exclusion of witnesses rule. We have repeatedly held that allowing witnesses to remain in the courtroom during the trial after the rule has been invoked is a procedural matter, the enforcement of which is within the sound discretion of the trial judge. Butler v. State, 320 So.2d 786 (Miss. 1975).
Next, appellant submits that testimony elicited from two rebuttal witnesses was an attempt to impeach the defense expert witness on collateral matters. The length of time required for psychological testing of the appellant by Dr. Cox was material and went to the weight of his testimony. Clearly, the state would have been entitled to introduce this evidence as part of its case in chief, therefore, it was proper. Williams v. State, 73 Miss. 820, 19 So. 826 (Miss. 1896).
It is argued that the trial court erred in allowing Dr. Stanley to testify as to his opinion of the finding of appellant's expert witness. We hold that these opinions were based upon his expert, independent knowledge of psychology and were used as a substitute for a hypothetical question. Having two different and opposing opinions offered by two experts, it was the duty of the jury as the fact-finding body to give such weight as it saw fit to their opinions.
Lastly, appellant argues that the lower court erred in failing to grant a mistrial based on the amount of time used by the prosecutor during closing arguments. It appears that no time limit was fixed by the court for argument and although the state used more time in its closing argument than appellant used in his argument, we cannot say appellant was prejudiced thereby. Time limitation for argument rests within the discretion of the trial judge. Lee v. State, 51 Miss. 566 (1875). Since there does not seem to be an abuse of this discretion, this assignment, also, is without merit.
For the reasons stated, this case must be and is hereby affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.