# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-KA-00579-SCT

*EDWARD DANIELS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/03/2011 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | BEN CREEKMORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 02/14/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     On February 11, 2010, Edward Daniels was indicted for the crime of burglary of a dwelling. The indictment alleged that he broke and entered a dwelling with the intent to commit grand larceny. Later, the State amended the indictment to charge Daniels as a habitual offender under Mississippi Code Section 99-19-83. The trial court granted the amendment and the case went to trial. Because Daniels did not appear for trial, the case was

tried in his absence. The jury found Daniels guilty, and the court delayed sentencing until Daniels could be located.

¶2. The court ultimately sentenced Daniels to life without the possibility of parole under Section 99-19-83. Daniels subsequently filed a motion for a new trial or judgment notwithstanding the verdict (JNOV), which the trial court denied. Aggrieved, Daniels now appeals.

¶3. We reverse the decision of the trial court denying Daniels's motion for new trial and remand the case for further proceedings, because the jury instruction on the elements of burglary was fatally flawed.

## FACTS AND PROCEDURAL HISTORY

¶4. On February 11, 2010, Daniels was indicted with codefendant Greg Alford. The indictment charged as follows:

> [O]n or about the 28th day of October, 2009, [in Lafayette County, Mississippi] Edward Daniels and Greg Alford . . . did . . . unlawfully, willfully, feloniously and burglariously break and enter the dwelling of Lew and Teresa Baumgartel [with] the intent to commit . . . grand larceny.

Alford pleaded guilty to the charges, while Daniels entered a plea of not guilty on March 4, 2010.

¶5. The trial began on October 19, 2010, at which time Daniels failed to appear. Daniels's attorney thus moved for a continuance. The trial court denied the motion for a continuance, finding that Daniels's absence was deliberate, and proceeded with trial in Daniels's absence.

¶6.    During trial, both Alford and Investigator Jerret Bundren testified as to the circumstances surrounding the burglary. Alford testified that he and Daniels entered Lew and Teresa Baumgartel's home with the intent to take something that did not belong to them. He stated that, upon entering the dwelling, they searched for money and removed "a couple of laptops and . . . a monitor, a PC unit and . . . the biggest TV they had in the house."

¶7.    Bundren testified that he recovered a flat-screen television, three laptop computers, a piggy bank full of change, a fifty-four-inch Sanyo television, and additional televisions from a car driven by Alford and Daniels and owned by Daniels's girlfriend, as well as from an abandoned car owned by one of their acquaintances. He also testified that the items found matched the descriptions of items reported missing from the Baumgartels' home. Tony Hampton, a neighbor of the Baumgartels, testified that he saw a red Dodge Neon parked in the area and spoke to a man who claimed the car was out of gas.

¶8.    Following all testimony, the trial court instructed the jury. Among the jury instructions given was jury instruction S-1. Jury instruction S-1 stated that if the jury found beyond a reasonable doubt that "Edward Daniels . . . broke and entered [the Baumgartels'] dwelling . . . by the use of force, and . . . Edward Daniels . . . intended, once inside this dwelling, to commit a crime therein, which is a crime under the laws of Mississippi, then you shall find the defendant guilty of burglary of a dwelling." The phrase "grand larceny" was omitted from the jury instruction as the intended crime, an amendment to which the defendant objected. After deliberations, the jury returned a guilty verdict, and the court deferred sentencing until Daniels could be located.

¶9. Daniels was subsequently located and taken into custody to await sentencing. On March 3, 2011, the court sentenced Daniels to a term of life imprisonment without the possibility of parole. Daniels then filed a Motion for a New Trial or, in the Alternative, for JNOV, which the trial court denied. Daniels now appeals this denial.[1]

## ANALYSIS

*1. Standard of Review*

¶10. This Court applies a de novo standard of review to a trial court's denial of a judgment notwithstanding the verdict. ***Johnson v. St. Dominics-Jackson Mem'l Hosp.***, 967 So. 2d 20, 22 (Miss. 2007). A motion for JNOV is a challenge to the legal sufficiency of the evidence, and this Court will affirm the denial of a motion for JNOV if there is substantial evidence to support the verdict. ***Id***.

¶11. "'Substantial evidence' is information of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions." ***Natchez Elec. & Supply Co. v. Johnson***, 968 So. 2d 358, 362 (Miss. 2007). The evidence is viewed in the light most favorable to the verdict. ***Johnson***, 967 So. 2d at 22.

¶12. "A motion for a new trial falls within a lower standard of review than does that of a judgment notwithstanding the verdict or a directed verdict. A motion for a new trial simply

---

[1]On appeal, this Court noted that Daniels was not represented by counsel and remanded to the trial court for a determination of whether Daniels intelligently and competently waived the right to counsel pursuant to Rule 6 of the Mississippi Rules of Appellate Procedure. The trial court found that Daniels had not intelligently and competently waived his right to appellate counsel, and assigned the Office of Indigent Appeals to represent him. After reviewing the record, his attorney filed a motion to proceed with the case as already submitted, which we granted.

challenges the weight of the evidence. The Supreme Court will reverse the lower court's denial of a motion for a new trial only if, by doing so, the court abused its discretion." *Sheffield v. State*, 749 So. 2d 123, 127 (¶16) (Miss. 1999).

¶13. Jury instructions are likewise reviewed for abuse of discretion. *Bailey v. State*, 78 So. 3d 308, 315 (Miss. 2012). Jury instructions should be read together as a whole, and so long as they "fairly state the law of the case and create no injustice," no reversible error exists. *Id.*

¶14. Daniels raises several points of error, alleging that

1. the trial court erred in conducting the trial in absentia;

2. the trial court erred by failing to find that the indictment was illegal;

3. the trial court erred by allowing the prosecution to make improper statements in its opening and closing arguments;

4. the trial court erred by setting aside its order reducing charges and sentencing the defendant as a habitual offender;

5. the trial court erred in allowing the jury verdict to stand;

6. the trial court erred in refusing Daniels's jury instructions; and

7. the cumulative effects of the defendant's assignments of error caused the defendant to be deprived of his right to a fair trial.

*2. Jury Instructions*[2]

¶15. Daniels argues that the trial court failed to include a jury instruction detailing each element of the underlying grand larceny offense.

---

[2]Because our decision on this issue requires reversal of Daniels's conviction, we decline to address Daniels's additional arguments.

¶16. While the State did not have to prove grand larceny as an element of burglary,[3] it was necessary that the State offer proof of the intent to commit some specific crime as the second element of burglary.

¶17. We find that the trial court's use of instruction S-1 was error, as it did not properly instruct the jury on the elements of the crime of burglary. One of the essential elements of the crime of burglary is the intent to commit a *specific* crime. **State v. Buchanan**, 22 So. 875 (1897); *see also* **Brumfield v. State**, 40 So. 2d 268 (1949). Jury Instruction S-1 fails to instruct the jury as to what crime Daniels intended to commit, and thus fails to instruct the jury on an essential element of the crime of burglary. The failure to instruct the jury on some specific crime in the second element of burglary would have allowed each of the jurors to arbitrarily select some crime of which there was no proof, and use that nonexistent offense to convict Daniels of burglary. The jury instructions as a whole fail to cure this fatal defect; therefore the trial court abused its discretion in allowing the amendment to Instruction S-1 that deleted the phrase "grand larceny." We find that the trial court's failure to instruct the jury properly on the essential elements of the crime of burglary requires reversal.

¶18. Because we find that the jury was improperly instructed on the essential elements of the crime charged, we reverse the trial court's decision to deny Daniels a new trial, reverse Daniels's conviction, and remand the case to the Circuit Court of Lafayette County for proceedings consistent with this opinion.

---

[3] *See* **Harrison v. State**, 722 So. 2d 681, 685 (Miss. 1998); **Booker v. State**, 716 So. 2d 1064, 1067-68 (Miss. 1998).

¶19.    **REVERSED AND REMANDED.**

      **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.**